IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1858, AT ST. LOUIS.

———•◦•———

### SMITH, Respondent, v. DAVIS, Appellant.

1. In a suit for partition commenced by suing out a writ of summons against the defendants upon a petition filed in the proper clerk's office, the writ of summons should be served upon the minor defendants; it is not necessary, in such cases, to serve such writ upon the guardian of such minor defendants.
2. A suit for partition is not triable, except by consent of parties, at the term at which the defendant is first bound to appear.

*Appeal from Ralls Circuit Court.*

*Dryden* and *Allen*, for appellant.

I. The judgment of the circuit court was final and absolute unless reversed on appeal or writ of error. (6 Peters, 729; 1 Peters, 340; 2 Peters, 169; 11 Mass. 226.) The parties to the partition can not have the judgment set aside on this motion. The judgment was rendered at the instance of the plaintiff. The defendants were duly and properly rep-

resented by their guardian. (18 Mo. 461; 8 Mo. 257.) The judgment or order of sale and sale itself were all duly and properly made. The court had full power to appoint a *guardian ad litem*, although the defendants had a general guardian. The act of the guardian bound them. (18 Mo. 461; R. C. 1855, p. 1279; 11 Mo. 243.)

*Carr*, for respondent.

I. The order of sale was irregularly made at the return term. (Doan v. Holly, 26 Mo. 186; 10 Mo. 454; 6 Mo. 388; 20 Mo. 432; 26 Mo. 505; 3 Black. Comm. 404.) There being an irregularity, the court was authorized to set aside the sale. (3 Wend. 478; 4 Wend. 217; 10 Wend. 568; 1 Wend. 71; 6 Wend. 526; 3 Duer, 652.) It was an irregularity not to make the general guardian and curator of the minors a party to the suit.

RICHARDSON, Judge, delivered the opinion of the court.

On the 6th of November, 1855, Sarah A. Smith commenced a suit for the partition of a quarter section of land against John W. and Enoch A. Smith, both of whom were minors. The summons was returnable to the following March term of the court, and was personally served on the defendants in January. At the return term, in March, 1856, a *guardian ad litem* was appointed for the infant defendants, who was duly qualified, and filed an answer putting in issue the allegations of the petition; and, the cause being submitted to the court upon the petition, answer and proofs, it was found by the court that the plaintiff and defendants owned the land as tenants in common, in equal parts, and, it appearing that the land could not be divided without great prejudice to the owners, a final judgment was rendered, which directed that the premises should be sold by the sheriff. At the next term in August, the land was sold by the sheriff in the manner and on the terms directed by the judgment, and was purchased by the defendant. One year after the sale, the

plaintiff and the said infants, by their guardian and curator, united in a motion against the purchaser asking to have the sale set aside, and the motion coming on to be heard was sustained. It was admitted that the minors had a regular guardian and curator at the time of the commencement of the suit. The order of the circuit court setting aside the sale is defended on the ground that the judgment is irregular for two reasons: first, because the guardian of the infants was not made a party to the suit, nor served with notice; and next, because final judgment was rendered at the return term of the summons.

This suit was begun before the revised statutes of 1855 took effect, but, as all the provisions of the partition acts of 1845 and the amendment thereto of 1847, that affect this case, are substantially incorporated into the present law, the plaintiff's objections will be considered in reference to the provisions of the existing statutes. Suits for partition may be commenced either by serving a notice with a copy of the petition as prescribed by the sixth section of the partition law, or by filing the petition in the office of the clerk of the proper county and sueing out thereon a writ of summons against the defendants as directed by the eighth section. If the first mode is adopted, a copy of the petition, " with notice that the same will be presented to the court on some certain day in the term or as soon thereafter as a hearing can be had, shall be served at least twenty days previous to such term on all parties interested in the lands or tenements who shall not have joined in the petition, and *on the guardians of such as are minors*, or of unsound mind." (Sec. 6.) But if the other mode is adopted, the writ of summons only goes against the defendants, " which shall be in manner and form, and be served and returned in like time and manner, as writs in ordinary civil actions." (Sec. 8.) Turning to the third article of practice in civil cases (p. 1219) which regulates proceedings by and against infants, it will be observed that an infant is sued like any other person, and that his infancy is not noticed, nor is his guardian, until the pro-

cess is served upon him, and then the suit is not prosecuted any farther until a guardian is appointed." (Sec. 8.) The appointment (sec. 9) must be made by the court upon the request of the defendant before any answer is filed; but (sec. 10) if the infant defendant neglects, for one day after the first day of the term at which he is bound to appear, to procure the appointment of a guardian, the court shall appoint some competent person to act in that capacity. If then the proceeding is by notice under the sixth section, and the infant is a defendant, service thereof must be made on the guardian; but if by summons under the eighth section, the guardian is not noticed. If the infant has no guardian, provision is made in the 52d section for the appointment of one, in which it is declared, "It shall be lawful for said court, for any of the purposes intended by this act, and before or after any proceeding by virtue thereof, to appoint a guardian for any minor, whether such minor resides in or out of this state; and such guardian, for all the purposes of this act, shall have the same power as any general guardian." There is of course no necessity for the exercise of the authority conferred upon the court by this section, if the infant has a guardian and the proceeding is by notice; and the court is not required, in the appointment of a guardian to defend a suit commenced in the ordinary way, to select the general guardian, if there be one; though it is generally better for the interest of the infant that it should be done, for it is reasonable to suppose that a general guardian will feel more concern for his ward than a stranger would.

By the 12th section, all pleadings and proceedings under the act, except as otherwise provided, shall be had as in ordinary civil actions, and it seems that a suit for partition is not triable by law at an earlier day than ordinary civil actions. Suits founded on bonds, bills or notes for the direct payment of money or property are triable at the term at which the defendant is bound to appear, but every other suit is not triable, except by consent of the parties, until the term thereafter; (R. C. 1855, p. 1259, sec. 5;) and this

20—VOL. XXVII.

suit was not for trial at the return term except by consent of the parties. The guardian *ad litem* had authority to consent for his wards that the case should be tried at the first term; (R. C. 1855, p. 1119, sec. 51; Hite v. Thompson, 18 Mo. 461;) and we think it appears from the record that the submission was by the consent of the parties. The suggestion by the plaintiff's counsel that the defendants were minors, the appointment of the guardian, his acceptance and appearance, the filing of his answer, the submission of the cause to the court, and the judgment, are all in one entry and seem to have been contemporaneous ; and the fair inference from the entry is that the guardian was present in court, and that on the filing of his answer, by consent of parties, the cause was submitted and tried.

Judge Napton concurring, the judgment setting aside the order of sale will be reversed. Judge Scott being indisposed did not sit.