Philip Shaw *et al.*, Respondents, *v.* Charles Gregoire, Jr., Executor of Charles Gregoire, Sr., Appellant.

*Partition—Guardian—Judgment.*—Under the statute (R. C. 1845, p. 774, § 54) providing for partition of real estate, the court could appoint a guardian for minors having an interest, without the previous service of notice. When the court appointed a guardian who entered the appearance of the minors, although judgment of partition be rendered at the return term, the judgment is voidable not void. (Hite v. Thompson, 18 Mo. 461, affirmed.)

*Appeal from St. François Circuit Court.*

*T. T. Gantt* and *M. Fox*, for appellant.

I. The court ought, if the first proceedings in partition in 1852 were really void, to have recognized the "other defendants" as still having rights in the tract.

II. The proceedings in that case were not void; they were at most voidable.

III. There is no pretence that the decree of 1852 was not in consonance with the rights of all parties. It is admitted that the interests of the present plaintiffs were correctly set out in the petition then filed by Gregoire; and that the land was insusceptible of division in kind is shown by the decree in this case. There is no suggestion of fraud, or advantage unduly gained. All the proceedings àfter the order of sale are expressly declared to have been regular and conformable to law; but the decree is impeached as irregular, on two grounds. 1. That the infant defendants were not served with process before the appointment of a guardian *ad litem.* 2. That judgment was taken at the first term against non-resident defendants who were only notified by publication. The appellant will endeavor to show that the last point, if well taken, so far as error is concerned, does not render the record irregular; and as to the first, that the voluntary appearance and consent of the infants by their guardian cures the defect of service as to them.

The proceedings in 1852 were at most only voidable, not void; so that in 1855, instead of commencing this suit, the plaintiffs should have sued out their writ of error to reverse the judgment. The appointment of Wm. E. Brady, as guardian *ad litem*, before service on the infants, is, on the authority of Hendricks v. McLean, 18 Mo. 32, admitted to be erroneous. But to correct this error, another mode is pointed out by the statute; namely, recourse to the Supreme Court, not the bringing of a new action in the court below. This case is an authority to show that want of such service makes the record only erroneous.

*Whittelsey* and *D. C. Tuttle*, for respondents.

This was a suit in partition brought by plaintiffs by their guardian. The defendant appeared and answered, denying title of plaintiffs and claiming title in himself. The case was submitted upon an agreed statement of facts.

The agreed case stated, that prior to Jan. 12, 1852, the plaintiffs owned the interest claimed in the petition. That at that date defendant brought suit in partition making present plaintiffs (who were then and now infants) and others defendants, said infants having no guardian. No process was served upon defendants, but the said petition prayed that a guardian *ad litem* be appointed. At the return term, May term, 1852, a guardian *ad litem* was appointed, who accepted and entered his appearance. Publication was made as to the other defendants. No answers were filed by any of the defendants, and judgment of partition and order of sale were entered at the return term. No summons or notice was served upon the plaintiffs, who resided in Scott county with their father. The guardian *ad litem* filed no bond until after the sale; no consent was entered for the judgment at the first term; the land was wild land.

Upon the agreed statement, the court declared the proceedings in partition void as to the present plaintiffs, and at the May term, 1859, made a finding declaring said proceedings void, and setting them aside, and made an order of sale; and also, that as plaintiffs' guardian *ad litem* had received part of the proceeds of sale, that from the proceeds of the sale ordered defendant should receive the amount of said proceeds with interest.

Points made by respondents:

I. The present plaintiffs never having been served with process in the prior suit, the proceedings as to them were void, and the sale did not divest their title. The prior suit was brought under the statutes R. C. 1845, p. 765, 766, and 1847, p. 106, which required notice to be served upon parties defendants, or on the guardians of minors, or by peti-

tion and writ in the usual form. There having been no process served, the court had no authority to appoint a guardian *ad litem*, and his appearance gave no jurisdiction. (R. C. 1845, p. 766; § 5, p. 770, § 26.) The judgment was wrongly entered at the return term. (Smith v. Davis, 27 Mo. 295; Thornton v. Thornton, 27 Mo. 303; Doan v. Holly, 26 Mo. 186.) No process having been served upon the plaintiffs, they were not parties to the suit, and the judgment as to them was void. (R. C. 1845, p. 770, § 26; Bascom v. Young, 7 Mo. 1; Smith v. Ross, 7 Mo. 463; Anderson v. Brown, 9 Mo. 486; Hendricks v. McLean, 18 Mo. 32; Booneville v. Ormrod, 26 Mo. 193; Caldwell v. Lockridge, 9 Mo. 362.)

II. The judgment in the suit of Gregoire being void, the sale under it did not divest title out of plaintiffs, and this suit is properly brought. (Ware's Adm'r v. Lisa, 34 Mo. 505; Gravier v. Ivory, id. 522.) The only error committed was against the plaintiffs, holding them responsible for the act of a guardian illegally appointed, whose acts they had never recognized.

III. The plaintiffs having been minors, and not in court, could have the proceedings set aside. (Powell v. Gott, 13 Mo. 458.)

BATES, Judge, delivered the opinion of the court.

This was a suit for partition. The case was submitted to the Circuit Court upon an agreed statement of the facts, and judgment was given for the plaintiffs, and the defendant appealed to this court.

From the agreed statement it appears that on the 12th day of January, 1852, the plaintiffs did own the interests set out and claimed in the petition, as tenants in common with defendant and others; and that on said day Charles Gregoire, the present defendant, commenced in the Circuit Court of St. François county a suit for partition of the land, making the present plaintiffs as well as other owners, defendants; that the present plaintiffs, were at that time infants, having no regularly appointed guardian; that at the

May term of said court, the court appointed a guardian *ad litem* for the said Philip and John Shaw (the present plaintiffs), who accepted said appointment, entered his appearance and submitted the cause to the court for decision; that the court upon the hearing rendered a judgment of partition and made an order to sell, and that under that order of sale the land was bought by Gregoire (the present defendant); that no summons was served upon Philip and John Shaw, who were residents of this State; and that the other defendants, being non-residents, were notified by publication in a newspaper as provided by law; that the petition and judgment in that case correctly stated the interests of the present plaintiffs; and that the judgment of partition was rendered at the first or return term, no answer of the other defendants having been filed and no consent of parties given or entered.

Upon this statement the Circuit Court declared, " as conclusions of law, that the appointment of Wm. E. Brady as guardian *ad litem* for present plaintiffs in the partition suit mentioned in the agreed facts, being without the previous service of a summons or notice on said Philip Shaw and John Shaw, or their father Thomas Shaw, was irregular and void; and that the judgment and sale in said cause was for that reason void as to the said Philip and John Shaw, and they are now the owners as tenants in common with defendant in the tract of land mentioned in the petition," and thereupon gave the judgment from which the defendant has appealed.

In the case of Hite v. Thompson, 18 Mo. 461, where the facts were very similar to those of this case, and the statute law applicable to the facts was the same, it was held that the parties were, " under the law concerning ' partition,' properly in court." The court thus having jurisdiction of their persons could proceed to render a valid judgment. That case so completely covers this, that it is unnecessary to make any further remarks upon the point upon which the case was decided. The error of the Circuit Court is apparent.

In the argument of the cause it was suggested that the judgment was void, because it was rendered at the first or return term, without the consent of the parties, and the cases of Smith v. Davis, 27 Mo. 298, and Thornton v. Thornton, id. 303, were cited in support of the suggestion. Those cases were brought before the court upon motions made in the same causes in which the judgments were rendered, and in the latter case the judgment was reversed and cause remanded, with directions to the Circuit Court to set aside the sale and judgment, which would have been unnecessary if the judgment was absolutely void. In Hopkins v. McGee, 33 Mo. 312, it was held that the rendition of a judgment at a term earlier than that fixed by law, was error. The language there used, whilst it was sufficiently accurate for the disposition of that case, might be so construed as to lead to mistakes in considering the case as a precedent.

We therefore re-state, that the taking of a judgment at a term earlier than that fixed by law, is an irregularity, not affecting the validity of the judgment, and which may be set aside on motion, and that the refusal of the court to set aside such judgment when a proper motion is made for that purpose, is error.

In this case, as we hold the judgment in the first partition case to be valid, the judgment of the Circuit Court will be reversed and the cause remanded.

Judges Bay and Dryden concur.

*Whittelsey*, for respondents, filed a motion for rehearing.

I. The proposition of law, that a judgment rendered against a party over whom the court has not acquired jurisdiction, either by his voluntary appearance or by service of process in some form, is absolutely void, is unquestionable. We understand that the court admits in this case, but decides that the Circuit Court acquired jurisdiction of the persons of the plaintiffs in the partition suit of 1852, by the appointment of a guardian *ad litem* of the infant defendants, although they were never served with process in any manner, either by summons or publication. In support of this, the court cite the case of Hite v. Thompson, 18 Mo. 461,

as parallel with and conclusive of this case. Counsel beg leave to call the attention of this court to the fact, that the case of Hite v. Thompson was decided under the statute of 1825, and to the entire change made in the statute since that time.

The original suit in partition, under which defendant claims the whole title, was commenced in 1852; the practice therefore was controlled by the acts of 1845 & 1847. (R. C. 1845, p. 765; Partition Acts 1847, p. 106.) The act of 1845, § 5, required that a copy of the petition for partition, with a notice, &c., should be served upon all parties not joining in the petition, and on the guardians of such as are minors, or of unsound mind. The act of 1847 allowed the bringing of a suit in the usual way by summons, &c., in accordance with the general Practice Act. This suit was commenced in that manner by summons and publication, but no process was served on these minors nor their guardian.

The general Practice Act (R. C. 1845, p. 807, § 8) only allowed a guardian to be appointed after the service of process. The plaintiff, in the suit of 1852, adopted that method of suing by summons, and was therefore bound to serve process upon the minors, for no provision is therein made for service upon the guardian. It appears also, that these minors were living with their father, who by law was their guardian (R. C. 1845, p. 547, § 1); so that the court undertook to appoint a guardian, when they already had a lawful guardian.

The plaintiff in the suit of 1852, having adopted the method provided by the act of 1847, by process of summons, the court had no authority to appoint a guardian until process had been served upon the infants or their guardian, and the guardian *ad litem* was not authorized to enter an appearance, or do any act to bind the infants. (Hendricks v. McLean, 18 Mo. 32.) The act of 1825, allowed but one method of service by petition and notice, and in that case, the court might appoint a guardian without service of process, as decided in Thompson v. Hite, 18 Mo. 461; but this is a different case.

### On motion for re-hearing.

DRYDEN, Judge. The record of the first partition suit was not before this court, but instead, an agreement of the facts. From this agreement we are led to the conclusion, that the suit was commenced by notice as contemplated by

the act concerning partition, and not under the act concerning practice. There is certainly nothing in the agreed statement of facts to show, as assumed by the respondent, that the suit was commenced by summons and not by notice. What the record may show we of course cannot tell. The motion is overruled.