## ESTES *et al.*, *Appellants*, v. NELL *et al.*

### DIVISION TWO.

1. **Partition: PARTIES: PRACTICE.** Judgment of partition should not be rendered where all the persons having an interest in the premises sought to be partitioned, whether in possession or otherwise, are not made parties.

2. ——: ——: ——: BURDEN OF PROOF. Where defendants in partition plead exclusive adverse possession, which is denied by replication, an issuable fact is presented, the burden of proving which is on defendants.

3. ——: ——: ——: PRESUMPTION. Where the parties to a partition suit were tenants in common, and the defendants offered no evidence to sustain their allegation of adverse possession, it will be presumed that their possession was common.

4. ——— : ——— : ——— : JUDGMENT. For a mere defect of parties, a judgment in partition should not be made such as to conclusively adjudicate the matters pleaded, but defendants should be allowed, on equitable terms, to bring in the necessary parties, or the judgment should be without prejudice to the rights of plaintiffs to prosecute another suit.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*T. J. Delaney* and *F. M. Mansfield* for appellants.

(1) To maintain partition, it must appear that the lands sought to be partitioned are held in joint tenancy, tenancy in common or coparcenary, and if this appears any one or more of the parties interested therein may maintain such suit, making every person having an interest therein parties thereto. R. S. 1889, secs. 7132, 7135. (2) The plaintiffs are the legal owners of an undivided two-thirds interest in the land in controversy. On the face of the pleadings it is admitted : *First.* That the common source of title is in Manning Harris, and that he is dead, and that the plaintiffs and one T. J. Harris are his only heirs. *Second.* That, in 1882, plaintiffs herein instituted an action in ejectment for the lands in controversy, and recovered judgment for an undivided two-thirds interest therein. These facts being admitted, plaintiffs must recover, unless the legal effect of such admissions be avoided by the pleadings or by the evidence. (3) The legal effect is not avoided by the pleadings. The defendants aver in avoidance : *First.* That all of the defendants herein were not made parties defendant to the action in ejectment. *Second.* That certain fraud was practiced by plaintiffs' ancestor, of which defendants were ignorant at the time of the trial of said ejectment, and that plaintiffs recovered by reason of such fraud. These are affirmative averments, and, being denied and

being put in issue by plaintiffs' replication, must be supported by evidence to have legal effect, and no evidence was offered in support thereof. Hence, on the pleading and evidence, it stands confessed that at the institution of this suit, plaintiffs were the legal owners of an undivided two-thirds interest in said lands, and had, in an action of ejectment, recovered judgment for the possession thereof. (4) The defendants are seized of an undivided one-third interest in the said land. This stands admitted by the pleadings. (5) The last will of Henry Nell, who died seized of the undivided one-third interest, declares and establishes the respective interests of the defendants. (6) Henry Nell, by his last will, could not defeat plaintiffs' right to partition. The interests of his devisees may not be partitioned in violation of the terms of the will, but this cannot affect the rights of strangers to the will. So, if there be any ambiguity in the will, requiring a construction thereof, this cannot affect the rights of strangers to the will. The judgment should have set aside the one-third of the lands as the property of defendants under the will. R. S. 1889, secs. 7148, 7174, 7177. Under the judgment of possession plaintiffs' rights as tenants in common were established, and this relationship and judgment for possession entitle plaintiff to maintain partition. *Barker v. Jones*, 62 N. H. 497; *Brown v. Iron Co.*, 40 Fed. Rep. 849.

*White & McCammon* and *J. P. Nixon* for respondents.

(1) There was a defect of parties, and the court could not decree partition till all were brought in. The petition must set forth the names, rights and titles of all parties interested, and of every person who, upon any contingency, may be or become entitled to any beneficial interest in the premises. R. S. 1889, sec.

7134. Every person having any interest in such premises, whether in possession or otherwise, shall be made a party to such petition. R. S. 1889, sec. 3175. Under the petition, which alleged Thomas Harris to be one of the heirs of Manning Harris, Thomas Harris was a necessary party to the suit. The testimony further disclosed another heir of Henry Nell who was not a party to this suit, and who still owns an interest in said land, viz., Cu Edna, and partition cannot be made under such circumstances. Sec. 7135, *supra; Dameron v. Jamison,* 71 Mo. 97. (2) There are parties defendant claiming adversely to plaintiffs, and in exclusive possession of the land; and the court could not, therefore, decree partition. "It has been repeatedly held by this court that, where one is in the exclusive possession of land, asserting an exclusive title thereto, an action for partition cannot be maintained against him by one out of possession who claims a common title thereto." *Wommack v. Whitmore,* 58 Mo. 457; *Lambert v. Blumenthal,* 26 Mo. 471; *Rozier v. Griffith,* 31 Mo. 171; *Phillips v. Gregoire,* 41 Mo. 407; *Dameron v. Jamison,* 71 Mo. 97. That there are parties defendant claiming adversely to plaintiff is established by the pleadings and the evidence. (3) The testimony did not warrant the court in decreeing partition. (4) The pleadings show four only, of nine children, against whom suit was revived; namely, Elmer, Della, Samuel and William. This is no admission on the pleadings that plaintiffs own a two-thirds interest as against Franklin, Joseph, Albert, Anna and Cu Edna. (5) There can be no question that some of the defendants in exclusive possession of the land claim adversely to plaintiffs in their answer; neither can there be question that those not parties to the ejectment suit were not bound by it. These facts shown, the court could not render judgment for partition. See authorities cited under second head, *supra.* (6) Henry Nell having devised these lands for sale and appointed executors to execute the trust, and

the will having been probated, and the executors having qualified and entered upon the execution of the trust, no judgment or decree, either in ejectment or partition, against the heirs only could be of any avail whatever against the devised estate or any interest conveyed under the power contained in the will of Henry Nell. R. S. 1889, sec. 7142; *Ex parte Cubbage v. Franklin*, 62 Mo. 364.

MACFARLANE, J.—This is a suit for the partition of two hundred and twenty acres of land, situate in Wright county. The plaintiffs are Agnes Estes and Mary C. Estes and their husbands. They state in their petition that Manning Harris died seized of the land, leaving as his sole heirs-at-law plaintiffs and Thomas Harris, who were his children, and that they (Mary and Agnes) are each entitled to one-third part of said land. Thomas Harris was not made a party to the suit.

The defendants in the suit are Joseph R. Nell, Albert Nell, Samuel Nell, Elmer Nell, Catherine Ruckel and Joseph P. Ramey. The petition alleges that these defendants own one-third interest derived from Henry Nell, as heirs-at-law, except the two last named, who are grantees of other heirs. The answer admitted the death of Manning Harris, and that plaintiffs and Thomas Harris are his sole heirs. By a special defense defendants admit that Manning Harris, deceased, was the common source of title, but set up in defense an equitable title from him to Henry Nell, deceased, under whom they claim and they asked that the legal title be decreed them. They also pleaded that they were in the actual possession of the land, holding it adversely to the plaintiffs.

Plaintiffs replied averring that the equitable claim set up in the answer had been adjudicated in a former suit between the parties; and also that they had recovered their joint possession of the premises in a suit

in ejectment, against defendants, John Ruckel and Della, Samuel, Elmer and William Nell.

On the trial plaintiffs read in evidence the will of Henry Nell, deceased. By this will forty acres of land was devised to defendant Della. The executors were directed to sell the balance of the land and divide the proceeds among his heirs, all of whom were named. One of these named as Cu Edna is not a party to this suit.

Upon the reading of this will defendants offered a demurrer to the evidence which was sustained, and final judgment was entered for defendants. From this judgment plaintiffs appealed. It is thus disclosed, from the allegations of the petition, that Thomas Harris as one of the heirs of Manning Harris, deceased, owns an undivided one-sixth of the land to be affected, and is not made a party to the suit. The will read in evidence also shows that one of the heirs of Henry Nell is not a party to the suit. These facts appearing from the pleadings and evidence, should a judgment of partition have been rendered?

The rule in partition suits, when conducted in chancery, was that unless all persons whose "interests in the subject-matter of the suit, and the relief sought, were bound up with that of others" were brought before the court and made subject to its jurisdiction, the suit would not be entertained. "It was, therefore, indispensable that all the cotenants not uniting in the petition be made defendants." Free. on Coten. & Part., sec. 463; *Barney v. Baltimore City*, 6 Wall. 284; *Shields v. Barrow*, 17 How. (U. S.) 130. This rule in equity is made to apply to our statutory proceedings for partition (sec. 7135) providing that "every person having any interest in such premises, whether in possession or otherwise, shall be made a party to such petition." *Dameron v. Jamison*, 71 Mo. 97.

The pleadings and evidence thus showing that persons interested in the land were not parties to the

suit, the court properly refused to render judgment of partition.

Defendants set up in their answer that they were in the exclusive possession of the land holding adversely to plaintiffs. This was denied by the replication. An issuable fact was thus presented, the burden of proof being on defendants. *Wommack v. Whitmore*, 58 Mo. 457; *Shaw v. Gregoire*, 41 Mo. 407. No evidence was offered by defendants to sustain this allegation, and, if the parties to the suit were tenants in common, the presumption was that their possession was common. *Shaw v. Gregoire, supra; Lambert v. Blumenthal*, 26 Mo. 473.

If all necessary parties had been before the court the trial should have proceeded. For a mere defect of parties the judgment should not have been made such as to conclusively adjudicate the matters pleaded. Defendants should have been allowed, on equitable terms, to bring in the necessary parties, or the judgment should have been without prejudice to the rights of plaintiffs to prosecute another suit.

Plaintiffs having failed to ask leave to bring in new parties and making no objections to the form of the judgment, the judgment is reversed and the cause remanded, with directions to modify the judgment as herein indicated, if plaintiffs desire that it should be done, appellants to pay costs of appeal. All concur.