PAYNE *et al.*, *Appellants*, v. MASEK.

Division Two, March 14, 1893.

**Partition:** MINOR: APPEARANCE BY CURATOR: JUDGMENT. A minor defendant in a partition suit is, under Revised Statutes 1879, sec. 3345, bound by the judgment of the court where his appearance was entered by his general curator, although no process was served on the minor.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*S. F. Taylor* and *H. M. Pollard* for appellants.

(1) Before any final judgment can be rendered against an infant he must be served with summons.

Revised Statutes, 1879, secs. 3345-6-7; *Smith v. Davis,* 27 Mo. 298; *Fullbright v. Cannefox,* 30 Mo. 428; *Shaw v. Gregoire,* 41 Mo. 407; *Railroad v. Campbell,* 62 Mo. 585; *Campbell v. Gas Light Co.,* 81 Mo. 366; *Sargeant v. Rowsey,* 89 Mo. 617; *Hull v. Cavanagh,* 6 Mo. App. 147; *Nagal v. Shilling,* 14 Mo. App. 576. (2) Defendant, being a purchaser at sheriff's sale, buys subject to the rule *caveat emptor,* and if there is any defect in the proceedings, although unknown to the buyer, the title is still subject to the same equities. *Mann v. Best,* 62 Mo. 496; *Cravens v. Gordon,* 53 Mo. 287. A partition sale made by a sheriff upon a judgment in partition is as much a judicial sale as a sale made by the same officer upon execution. *Hewitt v. Lally,* 51 Mo. 94. A purchaser at a sheriff's sale must at his peril see that the court had jurisdiction. *Ladd v. Shippie,* 57 Mo. 530.

*John N. Straat* for respondent.

Under the partition act in force in 1888, in a suit for the partition of lands, can a minor defendant in such suit appear, by his general curator, without service of process on such minor defendant, so as to be bound by the judgment of the court? *Hite v. Thompson,* 18 Mo. 461; *Shaw v. Gregoire,* 41 Mo. 407; *Le Bourgeoise v. McNamara,* 82 Mo. 189; *Rice v. Cayce,* 85 Mo. 456.

GANTT, P. J.—This is a proceeding under the statutes of this state for partition of certain real estate in the city of St. Louis. Plaintiffs claim to own three twelfths of the land and alleged that defendant owns the remaining nine twelfths, and pray for a sale.

The answer is a general denial and a plea of ownership of the whole tract by defendant, which was

denied in the reply. The cause was submitted to the circuit court upon the following agreed statement of facts.

"Fannie E. Payne *et al.*, plaintiffs,

*v.*

"William J. Masek, defendant.

"It is agreed by and between the parties hereto that the following are the facts of this case, and it is further agreed that this case shall be submitted upon these facts and none other, viz.:

"That theretofore, to-wit, on or about April, 1888, a partition suit was brought in this court, and to the June term, 1888, thereof, wherein Margaret Payne, Alfred H. Payne and wife were plaintiffs, and Edward H. Payne, Narcissa J. Payne, Fannie E. Payne, a minor, Mary A. Payne, a minor, and Thomas J. Payne, a minor, and Robert H. Payne, curator of said minors and Rochester Ford, administrator of Thomas J. Payne, deceased, were defendants; said three minor defendants being plaintiffs in this suit, which said partition suit was numbered 76,759, and was brought to make partition of the land in controversy here, and other lands.

"That at the time of the institution of said suit the plaintiffs herein, viz., Fannie E., Mary A., and Thomas J. were each the owners in fee of an undivided one twelfth of the land in controversy, and that they are still the owners of such interest, unless the same has been divested by the sale hereinafter mentioned as having been made in said partition suit.

"That no process of any kind was ever issued in said partition suit for or served on these said plaintiffs at any time nor was there any order of publication made or published in said case at any time; that these said plaintiffs were then all minors and resided with their mother in the state of Illinois; that said plaintiff

Fannie E. is now no longer a minor, having reached her majority shortly before this suit was begun, but the other said plaintiffs herein are both minors, and the plaintiff William A. Rutledge is their duly appointed, qualified and acting curator as alleged in the petition in this case.

"That, at the time of the commencement of said suit for partition, to-wit, number 76,759, brought to the June term, 1888, of said court, said Robert H. Payne was the general curator of the estate of said Fannie E., Mary A. and Thomas J. Payne, plaintiffs herein, he having been long prior thereto appointed as such by the probate court of the city of St. Louis; that after the institution of said suit in partition (number 76,759), the said Robert H. Payne as curator entered the appearance of said Fannie E., Mary A. and Thomas J. Payne, his said wards therein, without any process having been issued for or served on either of them, and without any order from any court so to do, and without an order of publication ever having been made or published in said cause.

"That afterward such proceedings were had in said partition cause (number 76,759) as that said premises were sold, and the defendant in the case at bar bought the same at said partition sale and paid the sheriff who made said sale full value therefor, and defendant now holds the same by virtue of such title as he acquired at said sale, and the confirmation of said sale by the court; but, as before stated, at no stage of said case was there any process issued or served upon said Fannie E., Mary A. and Thomas J. Payne, nor was there ever an order of publication made in said cause; that said Robert H. Payne died in October, 1889.

"That the property in question is not susceptible of partition in kind.

"That subject to objections by the defendant for irrelevancy and incompetency, it is admitted that these plaintiffs herein never received from any source any portion of the purchase price of said premises, nor did said Robert H. Payne ever account to them in any way for the same or any part thereof."

The finding and judgment of the court was for defendant, and the plaintiffs filed their motion for a new trial alleging as grounds therefor that the finding and judgment of the court was for the wrong party, that they should have been for plaintiffs instead of defendant; that the finding was against the law and facts. Which motion having been overruled, and all exceptions properly saved, the plaintiffs bring the case here by appeal.

I. This record presents the sole question, whether, under the partition law of this state in force in 1888, in a suit for a partition of lands, a minor defendant in such suit could appear by his or her general curator, without service of process on such minor defendant so as to be bound by the judgment of the court?

It is conceded by both sides that the revision of 1879 contains the law governing the proceedings in the suit in question in this case. Section 3345 of the Revised Statutes, 1879, provides that, "All pleadings and proceedings under this chapter shall be had as in ordinary civil actions."

Section 3346, that, "The guardians and the curators of the estates of minors and persons of unsound mind, appointed according to law, are hereby authorized, in behalf of their respective wards, to do and perform any matter or thing, respecting the division of any lands, tenements or hereditaments, as herein directed, *which shall be binding on such ward*, and deemed as valid to every purpose as if the same had been done by such ward after his disabilities are removed."

This latter section was first adopted November 2, 1808, by the legislature of the then territory of Louisiana. It has been retained with some amendments in every revision of our laws from that date to the present time. The amendment simply included *curators*, where the section originally applied to guardians only. 1 Territorial Laws, 1824, sec. 5, p. 205; Revised Statutes, 1845, sec. 53, p. 774; 2 Revised Statutes, 1855, sec. 51, p. 1119; General Statutes, 1865, sec. 48, p. 616. It is essential to bear in mind this section and its history as we proceed to the further examination of this case.

The defendant does not controvert the proposition that, in all actions and proceedings under our statutes, whether at law or in equity, except in a suit for partition under the statute, unless the minor defendant is served with process or duly notified as the law requires, the judgment or proceeding as to him is utterly void; but he insists that, in a partition case under the statute of 1879, a general guardian can put his ward under the jurisdiction of the circuit court by appearing for him in his capacity as guardian without the service of process on the ward and that the ward will be bound by the judgment of the court in the case.

The question is one of much practical importance. There ought not to be any doubt in regard to a question that must arise very often in the administration of the law. It must be conceded in the outset that the legislature could not easily have found language which would be plainer and more comprehensive in conferring power upon the guardian or curator to act for his ward than is to be found in section 3346, Revised Statutes, 1879, or section 7139 of the revision of 1889.

Preliminary to a proper adjudication of this question, we must determine what act controls and limits the powers of a general guardian or curator in partition cases. This we regard as settled by the unanimous

opinion of all the members of this court in *LeBourgeoise v. McNamara*, 82 Mo. 189, wherein it was held that in partition proceedings guardians of minors derive their powers from the partition act and it was expressly ruled that the doctrine announced in *Revely v. Skinner*, 33 Mo. 98, and *McClure v. Farthing*, 51 Mo. 109, that a guardian *ad litem* had no power to admit material facts in the conduct of a trial, so as to bind his ward, did not govern partition proceedings, the legislature having assumed to direct a different course in such cases.  This construction is in harmony with the canon of construction which requires that a special provision applicable to a particular subject shall prevail over a. general provision that may be inconsistent therewith. *State v. Green*, 87 Mo. 583; *State v. DeBar*, 58 Mo. 395.

In *LeBourgeoise v. McNamara, supra*, the guardian *ad litem* of certain minor defendants entered into a stipulation dispensing with proofs so far as said minors were concerned.  The power to do this was subsequently challenged in a writ of error *coram nobis*, and this court unanimously concurred in sustaining the guardian's power, and cited section 48, page 616, of General Statutes, 1865, being the same as section 7139, Revised Statutes, 1889, as clothing the guardian with such power, as the ward himself would have if his disabilities were removed.  We see no reason whatever for casting any doubt upon the conclusion reached in that case, and our judgment is that the general guardian's or curator's power in partition suits and proceedings is referable to the partition act.

The first case in the decisions of this court involving this point is *Hite v. Thompson*, 18 Mo. 461.  The facts were these.  In 1833 one Abernathy filed his petition in court, he being the petitioner and Harriet and James Marders, who were minors, were defendants,.

praying for the appointment of commissioners to make partition of land. Abernathy stated that he was the legal guardian of these two minors, but being an interested party, he prayed the court to appoint a guardian *ad litem* to represent them. This the court did and the guardian *ad litem* filed an answer for his wards, admitting the allegations contained in the petition. The court made an order appointing commissioners, who reported that the lot could not be divided, and thereupon the court ordered a sale, the lot was sold and the sale approved. Subsequently these proceedings were questioned, the point being whether or not these minors were properly or legally in court, and bound by the judgment of the court. This court in a clear and lucid opinion by Judge Ryland, in which Judge Scott concurred, held that the *general guardian* had a right to enter their appearance; that the court obtained jurisdiction and wisely exercised it in appointing a guardian *ad litem*, on the prayer of the general guardian, out of abundant caution. That case also sustains the position that the proceeding must be tested by the partition act. Under the law as it then existed, service of notice upon the guardian of the minor was all that was required, but it will be observed the guardian himself was plaintiff in his own right. No notice was served upon him as guardian or upon his wards. The minors were residents of Kentucky at the time. That act contained a section which is substantially the same as section 7139 of the present revision.

*Hite v. Thompson* was cited with approval by Richardson, J., in *Smith v. Davis*, 27 Mo. 298, the point that the guardian might consent to a trial of a partition cause at the first term, basing the right upon section 51 of the Revised Statutes, 1855, which was the same as section 7139. This case again came under review in *Shaw v. Gregoire*, 35 Mo. 342, and was sustained upon

the agreed state of facts filed.   Afterwards in 1867 *Shaw v. Gregoire* was again before the court, 41 Mo. 407, and upon the corrected record, a different conclusion was reach from that held in the thirty-fifth volume, but the doctrine of *Hite v. Thompson* was not repudiated, but we think recognized and approved by the court, through Judge Holmes, because, while holding that no person, minor or adult, could be bound by a proceeding without notice or service of any kind, yet he most clearly recognizes the right of a duly authorized representative to enter the appearance of a minor in the following language, on page 414: "But until he is brought into court by a service of the petition and a notice upon him or his guardian, or until he appears in person, or by his lawful guardian on whom such service has been had, *or who has authority by law to represent him in such matters without notice,* there is not the least warrant, either in the statute or in common law or in equity for any authority in the court to appoint a guardian for him, or to do any judicial act in the premises affecting his rights and estate."

It must be borne in mind that in this last case, the guardian was not a general guardian, but a guardian *ad litem* for a minor who had no general guardian and had not himself been served.   The court unquestionably was right in holding that no jurisdiction had been obtained, but it clearly did not mean to intimate that it did not approve the ruling in *Hite v. Thompson*, that a *general guardian* could appear in his representative capacity for his ward without the service of notice either upon the ward or himself.

We have been unable to find any case in this state that has criticised, overruled or denied the doctrine of *Hite v. Thompson, supra,* as interpreted in *Shaw v. Gregoire, supra.*   The decisions cited by the appellant are not based upon the state of facts we have before us.

Not one of them.   *Smith v. Davis*, 27 Mo. 298; *Full-bright v. Cannefox*, 30 Mo. 425; *Shaw v. Gregoire*, 41 Mo. 407; *Railroad v. Campbell*, 62 Mo. 585; *Campbell v. Gas Co.*, 84 Mo. 366; *Sargeant v. Rowsey*, 89 Mo. 617: *Troyer v. Wood*, 96 Mo. 478; *Hull v. Cavanaugh*, 6 Mo. App. 147; *Nagle v. Schilling*, 14 Mo. App. 576.

Judge MARTIN in *Campbell v. Gas Co.*, in discussing Waddingham's title, says that in June, 1836, he brought an action for partition, under the statute of 1835, sec. 5, p. 422.   A notice under that statute was required to be served both *on the infants and their guardian*.   In that case it was only served on the guardian, and he very pertinently adds, *"there was no appearance by them or for them by general guardian,"* which statement discloses a radical difference between that case and this one at bar.   Our conclusion then is that the partition act is ample authority for a general guardian or curator to enter the appearance of his ward either as plaintiff or defendant in a partition suit and to do and perform any matter or thing respecting the division of any lands, tenements or hereditaments that the ward himself could do if his disabilities were removed and the judgment of the court will be binding on the ward.   In this case the judgment of the circuit court in the partition in 1888 must necessarily be held valid or void.   If void, it can be attacked in this collateral proceeding.   If valid, it is good as to all the world.   In our judgment it is valid and binding and the judgment of the circuit court is affirmed.   All concur.