THOMAS C. REVELY, Defendant in Error, *v.* CHARLOTTE R. SKINNER *et al.*, Plaintiffs in Error.

*Practice—Answer.*—The answer of the defendant must not only deny all information as to the allegation of the petition, but also all knowledge thereof, and the averment of one without the other is insufficient to controvert a material allegation.

*Practice—Infants.*—As against infants defending by a guardian *ad litem,* all the allegations of the petition must be proved.

*Pleading—Infants.*—Infants answering by guardian *ad litem* may deny generally the allegations of the petition.

*Error to Lewis Circuit Court.*

*Woodyard & Lipscomb*, for defendant in error.

I. The assignments of the title bond were not put in issue by the answers, and it was therefore not necessary for the plaintiffs to prove them. A material allegation in a petition is put in issue only by a denial of the same, or by a denial of any knowledge or information of the matter alleged sufficient to form a belief. (See R. C. 1855, § 12, p. 1232.)

The answers denied information; both knowledge and information must be denied.

II. The averments of the answers were not sufficient to admit the evidence of Waterman, offered by the defendant. The answer raised no issue to which the evidence was applicable.

*D. Wagner*, for plaintiffs in error.

I. The court committed error in allowing said plaintiffs to read the assignments of said title bond in evidence without

first proving said assignments.   There could be no admissions made in favor of the infant defendants.   Besides, the answer contains a sufficient denial.   It states that defendants " are not advised and have no information," &c., and that is sufficient to put the party on proof.   It is not necessary that the word *knowledge* should be expressly used although it is in the practice act.

" Information " means *knowledge*, notice, &c., ( Webster's Dictionary, title " information,") and the use of both words " knowledge " and " information " is mere tautology.

BAY, Judge, delivered the opinion of the court.

Plaintiff filed his petition for the specific execution of a contract relating to two lots of ground in the town of Lagrange, in the county of Lewis.   The petition alleges that one Charles S. Skinner, since deceased, sold said lots to one Wilcox in July, 1846, for the consideration of twenty dollars, to be paid in plastering, and executed and delivered his title bond for the same, wherein he covenanted and agreed, upon the payment of the consideration, to make and deliver to said Wilcox a good and sufficient deed of conveyance for said lots, &c.   That said Wilcox, for a good and valuable consideration, transferred said bond and all his right and interest in said lots to one M. P. Revely, who subsequently transferred the same to plaintiff, by endorsement thereon.   That in August, 1856, said Wilcox died, leaving a widow and four infant children, his heirs at law, who are made defendants. The court appointed David Wagner guardian *ad litem* for the minor defendants, who answered that he was not advised, nor had he any information in regard to the matters and things stated in the petition, and required strict proof threof. The answer of Charlotte R. Skinner, the widow, admits the execution of the bond, and, after setting up various matters in defence, states, in reference to the alleged transfer and assignment of said written obligation, that she has no *information* thereof sufficient to form a belief.

Upon the hearing of the cause, the court below, against

the objection of the defendants, permitted plaintiff to read in evidence the assignments upon the bond, without first proving the same. The ruling of the court in this respect is the main ground urged here for a reversal of the judgment. Our statute requires that the answer of the defendant shall contain a special denial of each material allegation of the petition, controverted by the defendant, or of any *knowledge* or . *information* thereof sufficient to form a belief, and every material allegation not so controverted is, for the purposes of the action, to be taken as true. The answer of Charlotte states that she has no information sufficient to form a belief, but does not state that she has no knowledge, &c. This section of our practice act is in the precise language of the New-York code, and it has been repeatedly held by the Supreme Court of that State that the defendant must aver that he has neither *knowledge* nor *information*, and the averment of one without the other is insufficient to controvert a material allegation. (Edwards v. Lent, 8 Howard's Practice, 28; 1 E. D. Smith, 554; 20 Barb. 348.)

The ruling, therefore, with reference to Charlotte was correct, but the court erred in applying it to the infant defendants. The answer of the guardian *ad litem* is that he is not advised with reference to the matters and things stated in the petition, and requires strict proof thereof. The appointment of a guardian to defend a suit against an infant is made by the court in which the suit is pending, and is frequently taken from the by-standers, and he is not supposed to have any knowledge of the matter in litigation, and hence no verification is required to his answer. (R. C. 1855, vol. 2, p. 1234, § 20.) The rule under the old practice, which requires that the facts upon which a plaintiff relies for judgment against infant defendants must be established by legal proof is not abrogated by our present code. This is the view taken by the Supreme Court of New York in Lichfield v. Burnell et al., 5 Howard, P. R. 341. That was a complaint in the nature of a bill in equity to correct an alleged mistake in a deed of conveyance executed by one Clary. Clary having

died, the suit was brought against his infant heirs, and pending the proceeding a stipulation with reference to certain proof was entered into between the complainant and guardian *ad litem*. In speaking of the effect of this stipulation, the court says:

" Both the attorney for the guardian and the referee grossly mistook their powers and duties. The facts which will entitle the plaintiff to a judgment must be established against those infants by legal proof. Neither the guardian *ad litem* nor any other person has power to waive this proof, nor any right without it to consent to a judgment."

There can be no doubt of the correctness of this ruling. Courts of chancery have always regarded infants as the especial objects of their care and protection, and will never permit a guardian *ad litem* to do any act or make any admission, or enter into any agreement or stipulation which tends in any degree to prejudice or compromise their rights.

As very happily expressed by Justice Story, " when the court assumes authority over the person or property of an infant, it acts throughout with all the anxious cares and vigilance of a parent; and it allows neither the guardian nor any other person to do any act injurious to the rights or interests of the infant."

In this case the court should not have decreed against the infant defendants without strict proof as to all the material allegations in the petition. The allegation with reference to the endorsements upon the bond were material, as showing a cause of action in the plaintiff, and the court should have required proof thereof before admitting the assignments in evidence. Other points are made in the case which we deem unnecessary to examine, as the cause must be remanded for the error above mentioned.

The judgment will be reversed and the cause remanded; Judge Bates concurring. Judge Dryden not sitting, by reason of having been of counsel below.