GEORGE S. WRIGHT *et al.*

*v.*

ACHSAH DUNNING.

1. FORMER ADJUDICATION—*parties are bound by.* Parties to a suit, in a court of competent jurisdiction, where they labor under no disability, are bound by the determination of their rights, if fairly before the tribunal.

2. Where the rights of parties have been once adjudicated in a court having jurisdiction, they cannot be again litigated in the same or other courts.

3. The object in making a person a party to a suit, is to enable him to be heard, and to assert his rights, and if he fails to set them up, that he may be concluded from again litigating them.

4. SAME—HOMESTEAD—*when it must be claimed.* In a proceeding for partition by heirs, the widow was made a party, the partition alleged that she was entitled to dower, and the court adjudged it to her. Commissioners were appointed to assign dower; they reported that it could not be done, and the court therefore decreed her a yearly allowance in lieu of dower, and made it a lien upon the lands. The lands were sold under the partition proceedings, subject to the payment of the annuity. The widow made no claim of homestead. It was held that she could not afterward set up the homestead right against the purchaser under the partition sale.

5. Where an unmarried woman, the head of a family, capable of releasing the homestead, and occupying it, fails to assert the right, when a court is called upon to pass upon it, in a suit in which she is a party, she will be concluded.

6. When a person, not under a disability, is sued, and the homestead is involved, it will be affected by any neglect to assert it, precisely as any other right.

7. Where a husband and wife are made parties to a suit, and they are entitled to homestead rights, and they are not relied upon, the wife is not concluded from asserting the right. And, inasmuch as she cannot sue alone for the right, it may be asserted by the husband and wife, notwithstanding the decree or judgment.

8. This exception grows out of the statute conferring the right, which declares that the husband alone cannot release the right, but that he must be joined by the wife.

9. After the death of the husband, the widow, being under no disability, may abandon the homestead precisely as could the husband.

10. If from sickness, or other necessary cause, the widow leaves the homestead temporarily with the intention of again returning, the right would not thereby be affected.

11. A person cannot have two homesteads at the same time, both exempt, nor can he have two, either of which, at his election, would be exempt.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

The facts are sufficiently stated in the opinion.

Mr. GEORGE R. JOINER, for the appellant.

Messrs. ROFF & DOYLE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery, brought by Achsah Dunning, as the widow of Eben Dunning, for the recovery and assignment of her homestead, in certain lands owned by her husband in his lifetime, and upon which he resided at the time of his death. There is no contest as to the ownership of the land, or its occupancy by her husband as a home. And it is admitted that appellee is the widow of Eben Dunning; but it is denied that she had any homestead rights in the premises.

The defence insist that appellee is barred from claiming this right by the decree of the Circuit Court, in which her dower was ascertained and found by the decree, and, also, by her having abandoned the premises as a homestead before the commencement of this suit.

It appears, that the heirs of Eben Dunning filed a petition for partition of these premises, in the Circuit Court. Appellee was made a party to the proceedings, and the petition alleged that she was entitled to dower in the premises. That on the hearing, the court found that she was entitled to dower, and appointed commissioners to assign it, and they having reported that it could not be assigned, the court thereupon decreed that she receive a yearly allowance of $250, in lieu of her dower in the premises, payable annually during her natural life, and made it a charge upon the land. On the report that partition could not be made, the court below decreed the sale of the lands by the master, subject to the payment of the. widow's annuity. The lands were sold subject to this charge, and purchased by appellants.

It also appears, that appellee, soon after the sale of the land, removed from the place. Nor does it appear that she ever claimed to have homestead rights in the premises before she left them. It appears that she was opposed to a division of the land, and insisted that it should be sold subject to the charge of her yearly allowance in lieu of dower, and, so far as this record discloses, she never, directly or indirectly, claimed any interest in the land beyond her dower, until after the sale, and her removal from the place. She repeatedly said, that she did not desire or intend to live upon the place. but would leave it as soon as the land should be sold. After the sale was made she removed to the village, and built a house in which to reside. So far as we can see, she then had no intention of returning to reside upon the farm.

As a general rule, a person, having been made a party to a suit in a court having competent jurisdiction, and laboring under

no disability, is bound by the determination of his rights, if fairly before the tribunal. When their rights are thus passed upon and determined, such parties are concluded from again litigating them in the same or another tribunal. In this case, it appears that appellee was duly brought into a court of competent jurisdiction, for the purpose of having her rights in these lands ascertained and established, and that she failed to claim any right to a homestead, and apparently only claimed to have dower in the lands; and there is no pretense that she was under any disability at the time, and she did not then assert this claim. The proceeding was for a partition of the land, if it could be made ; or, if not, for its sale. She was bound to know, that if partition was made and she had a homestead, that the right should be established, so as to enable it to be fairly and justly made. The very object of making a person a party to a legal proceeding, is to enable such person to be heard in the assertion of his rights, and, failing to set them up, that he may be concluded from again litigating them.

It may, however, be said, that the right to hold the homestead forms an exception to the rule. It has been so held, to the extent, that where the husband and wife are made parties, and they are entitled to homestead rights, and they are not relied upon, that the wife is not concluded or barred from asserting the right ; and inasmuch as she cannot sue alone for the right, that it may be asserted by the husband and wife, notwithstanding the decree or judgment. And this exception grows out of the statute conferring the right, which declares that the husband alone cannot release the right, but that he must be joined by the wife. If a husband and wife were to make a mortgage, and the wife were to relinquish her dower, but refuse to release her right of homestead, and when suit should be brought for a foreclosure, if that right should be cut off by the wife's failing to set it up, the husband, by refusing to insist upon it, or to enable the wife to do so, could, in this mode, release the homestead without the

assent of the wife, and thus defeat the statute. This court, however, has not held, nor has it intended to hold, that an unmarried head of the family, capable of releasing the homestead, and occupying it, failing to assert the right, where a court is called on to pass upon the right, that he would not be concluded. This is the extent to which the exception has been carried. And when a person, not under disability, is sued, and the homestead is involved, it will be affected by any neglect to assert it, precisely as any other right. Appellee was not under disability, and should have set up and insisted upon the right when before the court in the partition suit, and failing to do so then, she should now be concluded from claiming the benefit.

Appellee, at no time previous to the sale and its confirmation, claimed anything but dower in the premises. She gave no notice to the purchasers of her claim, but permitted them to purchase under the belief that the place was only subject to the annual sum decreed her in lieu of dower. If, under the circumstances, she may also claim homestead rights, it would work a great hardship upon the purchasers. They were, no doubt, governed in the price paid for the land, in supposing it was not subject to any other burthen than the annuity which was specified by the master when he made the sale.

After the death of the husband, the widow, being under no disability, may abandon the homestead precisely as could the husband. Whenever it appears that it has ceased to be her home, and that she has acquired another place of permanent abode, she thereby loses all right to claim the statutory privilege, or even if she abandons it, with the intention of not returning to it again as her home, the right would be lost. But if, from sickness or other necessary cause, she were to leave temporarily, with the intention of again returning, it would be otherwise. The proof in this case, we think, establishes the fact, that appellee had abandoned these premises as her home before this suit was brought. This is clearly

inferable, from her acts and declarations in reference to the occupancy of the premises. It is clearly established, that she intended to reside in the village, and had built a house for the purpose. She had said that she did not intend to reside on the farm. We can, therefore, see no well founded right, on her part, to claim and recover a homestead in these premises. We, however, do see that she, while occupying her house in the village, could claim it under the homestead act. By our act, a person could not have two homes at the same time, both exempt, nor could he have two, either of which, at his election, would be exempt. The home must be such that it, and it alone, is within the protection of the statute. The decree of the court below is reversed and the cause remanded.

*Decree reversed.*