GRANVILLE L. McCLURE, Defendant in Error, *vs.* S. B. FARTH-
ING, *et al.,* Plaintiffs in Error.

1 ` *Guardian ad litem cannot make agreement in one case as to another.*—A
guardian *ad litem* cannot make a binding agreement that the decision in one
case shall determine that in another, although the cases involve precisely the
same facts, and the same parties and substantially the same points of controver-
sy.—He has but one duty to perform and that is to defend the action.

## *Error to Montgomery Circuit Court.*

*R. W. Jones,* for Plaintiff in Error, cited Revely vs. Skin-
ner, *et al.,* 33 Mo. Rep., pages 98 and 99; 5th Howard, P. R-
341.

*Sanders & Carkener,* for Defendants in Error.

In the "agreement" there is no admission that the plain-
tiff's case was proved, or that any fact on which it depended
was true. The sense of the agreement is "that the witnesses
would swear in this case as in the one just tried'," not that
plaintiff's witnesses had proved a singly fact.

The case of Revely vs. Skinner, 33 Mo., p. 98, is not there-
fore in point. The error in that case is that the court assum-
ed an issuable fact to be true, although the answer of the guar
dian put it in issue, and the court has no proof, either one way
or the other, and the acts condemned in the quotations from
the case in the 5th How. P. Repts., were by agreement be-
tween the guardian and plaintiff to be considered as admitted
or as established by less than legal proof. The gist of that
decision is, that the guardian shall not usurp the province of
the court or jury. The records of this case disclose nothing
done contrary to the doctrine of that.

BLISS, Judge, delivered the opinion of the court.

Some of the defendants in this cause were minors and an-
swered by guardian *ad litem*, and during its pendency the at-
torneys for the plaintiff and for the other defendants, made an

agreement in writing stipulating that "a final decree should be entered in the cause for the plaintiff upon the trial and evidence adduced in the other cause tried by the court, in which a decree was entered for plaintiff; the evidence and points of controversy upon the title being substantially similar." It was farther stipulated that if the former decree should be reversed, that rendered in this cause should be set aside. A general judgment was rendered upon this agreement, against all the defendants, and afterwards the guardian *ad litem* of the minors presented his motion to set it aside, as having been unauthorized by him and unwarranted by law, even had he given his consent, but the motion was overruled.

A guardian *ad litem* has but one duty, and that is to defend the action. Revely *vs.* Skinner, 33 Mo., 98. It is un necessary to say that when there are several actions pending between the same parties, involving precisely the same facts, the guardian may not agree to submit the whole upon a single examination of witnesses, or, which is in effect the same thing, that the decision of one shall decide the whole. Such an agreement may be consistent with his duty, but that is not this case.

The record shows that the agreement was made by the attorneys of the other parties, who did not and could not represent the minors, and that it was made after the trial of the other cause, a cause not shown to have involved the same issues and evidence, but only evidence and points substantially similar.

The motion should have been sustained, and the judgment overruling it is reversed and the cause remanded.

The other judges concur.