Louis L. LeBourgeoise et al., Defendants in Error, v. Isabella McNamara, Plaintiff in Error.

### March 22, 1881.

1. Reversioners not in possession nor entitled to possession are, under the statute, properly made parties to a partition suit.

2. Under the statute, a guardian *ad litem* may, when convinced that no defence can be made, stipulate that judgment for partition may be entered in accordance with the plaintiff's petition.

3. A writ of error *coram nobis* to correct errors which appear upon the face of the record is properly denied.

Error to the St. Louis Circuit Court, Lindley, J. *Affirmed.*

G. M. Stewart and Paul Bakewell, for the plaintiff in error: The infant defendants were not proper parties to the action. They were not in possession, nor were they entitled to the possession of any part of the land until the death of the life tenant. — *Stevens* v. *Endres*, 1 Green L. 271; *Culver* v. *Culver*, 2 Root, 278; *Zeigler* v. *Gunn*, 6 Watts, 106; *Brown* v. *Brown*, 8 N. H. 93. It was error to enter a decree upon the agreement filed. A guardian *ad litem* "has no power to waive proof, nor any right, without it, to consent to judgment." — *Revely* v. *Skinner*, 33 Mo. 101. "He has but one duty to perform, and that is to defend the action." —*McClure* v. *Farthing*, 51 Mo. 109. The Circuit Court should have granted the writ of error *coram nobis.* — *Calloway* v. *Nifong*, 1 Mo. 156, 223; *Ex parte*

*Toney,* 11 Mo. 662 ; *Powell* v. *Galt,* 13 Mo. 458 ; *Latshaw* v. *McNees,* 50 Mo. 381.

D. T. Jewett, for the defendants in error.

Thompson, J., delivered the opinion of the court.

In 1874, a suit was brought in the St. Louis Circuit Court by Louis L. LeBourgeoise and Elizabeth C. LeBourgeoise, his wife, Charlotte Charless, William Walker and Mary Walker, his wife, William C. Ferguson, George C. Miller, Thomas H. Rector, and Margaret A. Johnson, against Thomas C. McNamara, Leonora E. McNamara, his wife, David Ross, and Walter, Victor, Bell, Arthur, and Lulu McNamara, minor children of Thomas C. and Leonora E. McNamara, for the partition of certain land lying in St. Louis County. These defendants appear to have been duly served with process, except Ross, whom we may leave out of consideration, because he afterwards came into court and disclaimed title. A. J. Quigley was appointed guardian *ad litem* of the infant defendants, and filed his consent to act as such. As attorney and guardian *ad litem,* he answered the amended petition for all the defendants except Ross, denying severally its allegations, which amounted to a denial that the plaintiffs had title to the land as claimed. Afterwards leave was granted to amend the petition so as to make John Q. A. Fritchie, who held the land in question as trustee for Mrs. Leonora E. McNamara and the infant defendants above named, a defendant, and an *alias* summons was ordered to issue for him, but there is nothing in the record to show that such summons was in fact issued, or that it was served upon him, except a recital in the decree which was afterwards made, that he had been duly summoned. No point, however, is made upon this.

Afterwards Quigley, as "attorney for defendants," entered into a stipulation with the plaintiff's attorney, as follows : "It is agreed that judgment of partition, as prayed for, shall be entered against defendants except Sally Dodier,

whose name is to be stricken from the petition, — default as to J. Q. A. Fritchie, — commissioners to be appointed to report. In any report or partition they may make, the said defendant Leonora E. McNamara is to have the benefit of all buildings put upon the premises by her, but not those by her tenants.'' In pursuance of this stipulation, the court entered an interlocutory decree for partition, and commissioners were appointed. When the report of the commissioners came in, Quigley indorsed upon it the following: '' I appear for the defendants, waive any exception to the within report, and consent that it may be approved, this sixth day of July, 1875. A. J. Quigley, attorney for defendants.'' Such further proceedings were afterwards had that part of the land was divided among the parties in severalty, and part of it sold.

Afterwards, on December 1, 1879, the defendant, Isabella McNamara, filed her petition before the court in which such proceedings were had, her petition in the nature of a writ of error *coram nobis*, which petition was, by the court, dismissed. She then sued out the present writ of error, alleging that she had come of age within three years before the suing out of the writ of error, and supporting this statement by affidavits.

1. The first position taken by the plaintiff in error is, that the decree against the infant defendants was erroneous because they were not proper parties to the partition proceedings, being mere reversioners, not in possession nor entitled to possession; and some decisions from other States are cited in support of this doctrine. We need not notice these decisions, because our statute, under which these proceedings were had, provides in terms that the petition '' shall set forth the names, rights, and title of all parties interested therein, so far as the same can be stated, including persons entitled to the reversion, remainder, or inheritance, and of every person who upon any contingency may be, or become entitled to any beneficial interest in the prem-

ises ; " and that " every person having any interest in such premises, *whether in possession or otherwise*, shall be made a party to such petition." Wag. Stats. 967, sects. 3, 4.

2. A second point is, that the court erred in entering a decree for partition in pursuance of a stipulation of the guardian *ad litem* of the minor defendants. The statute relating to partition, under which these proceedings were had, provided : " The guardians of minors and of persons of unsound mind who are appointed according to law, are hereby authorized, in behalf of their respective wards, to do and perform any matter or thing respecting the division of any lands, tenements, or hereditaments as herein directed, which shall be binding on such ward, and deemed as valid to every purpose as if the same had been done by such ward after his disabilities are removed." Another section empowers the court to appoint a guardian *ad litem* for infant defendants, and provides that " such guardian, for all the purposes of this chapter, shall have the same power as any general guardian." Wag. Stats. 973, sects. 48, 49. This statute clearly confers upon a guardian *ad litem* in partition proceedings the power, if he is convinced that no defence can be made to the proceedings on behalf of the infant defendants, to stipulate that judgment for partition may be entered in accordance with the plaintiff's petition. Our Supreme Court has denied in strong terms the power of a guardian *ad litem* to admit material facts to the prejudice of infant defendants (*Revely* v. *Skinner*, 33 Mo. 98), or to stipulate that a final decree shall be entered against them ; declaring the rule to be, that " a guardian *ad litem* has but one duty, and that is to defend the action." *McClure* v. *Farthing*, 51 Mo. 109. In the former of these cases Judge Bay says, that " the rule under the old practice which requires that the facts upon which a plaintiff relies for judgment against infant defendants must be established by legal proof, is not abrogated by our present Code." None of these cases were proceedings for the partition. They

declare a rule based upon the soundest wisdom and justice; and if this were a proceeding other than for partition, we should be bound by their authority. But here in this special proceeding we have before us a statute which declares otherwise; and whatever our own views may be of the policy of the statute, we cannot apply a general rule declared by the Supreme Court, to a special case which is covered by a contrary act of the Legislature.

3. The third point of the plaintiff in error is equally without foundation. The court below committed no error in denying the petition in the nature of a writ of error *coram nobis*. This proceeding, well known to common law procedure, is never resorted to except to correct errors of fact which do not appear on the face of the record, and which cannot therefore be corrected by writ of error. Thus, if proceedings have been had and judgment rendered against an infant as an adult (*Powell* v. *Gott*, 13 Mo. 458); against a married woman as a *feme sole* (*Latshaw* v. *McNees*, 50 Mo. 381); against a slave as a free person (*Ex parte Toney*, 11 Mo. 661); or, against a dead person as though he were living (*Calloway* v. *Nifong*, 1 Mo. 223),— in these and other like cases the defendant or his representative, on showing the fact that the defendant was at the time of the judgment an infant, a married woman, a slave, or dead, may have the case reopened and defence made. Here the petition of Isabella McNamara discloses nothing to the court which did not appear on the face of the record, and hence her remedy was by writ of error to this court, such as she has brought, and not by writ of error *coram nobis* before the court where the case was tried.

Having the whole case before us on writ of error, if we could discover any error in the record of the partition suit, we should reverse the judgment and remand the cause for rehearing; but we see no error', and the judgment is therefore affirmed. All the judges concur.