MARIA E. ROLF ET AL., Appellants, *v.* FRED TIMMER-MEISTER, Respondent.

### March 4, 1884.

1. PARTITION — HOMESTEAD — MINORS. — A partition sale passes title free from an estate of homestead, when no homestead right is claimed by the parties to partition proceedings in which the widow is the plaintiff and the minor children, represented by guardians *ad litem,* are the defendants.

2. —— JURISDICTION — JUDGMENTS — COLLATERAL ATTACK. — The circuit court has jurisdiction of the subject-matter of partition; and, where the parties are before the court, its judgment directing a sale of the homestead of the widow and children can not be collaterally attacked.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

BROADHEAD & HAEUSSLER, and C. V. SCOTT, for the appellants: The homestead estate is an entirety. The statute relating to partition proceedings (ch. 56, Rev. Stats. 79), does not confer jurisdiction upon the circuit court to partition premises which have wholly vested as a homestead estate. — *Keyes* v. *Hill*, 30 Vt. 768; *Coles* v. *Coles*, 15 Johns. 320. — The statute as amended (1875) by its terms expressly exempts the homestead estate from the operation of the laws respecting partition, and thereby suspends the general jurisdiction of the circuit court for that purpose, during the continuance of said estate. — Sect. 2693, Rev.

Stats. 1879, Mo.; *Rhorer* v. *Brockhage*, 13 Mo. App. 397. Minor children should be protected in their homestead rights, notwithstanding the failure of their guardian *ad litem* to claim it in a suit against them. — *Shower* v. *Robinson*, 43 Mich. 513; *Allen* v. *Shields*, 72 N. C. 514. Minors whose property has been sold without legal authority, can recover it without tendering the price of sale to the purchaser.—*Self* v. *Taylor*, 33 La. Ann. 769 ; *Miller* v. *Smith*, 26 Minn. 248; *Walsh* v. *Young*, 110 Mass. 399.

Henry Hitchcock, for the respondent : The widow and children are estopped from now claiming homestead in the property. — *Grogg* v. *Grogg*, 65 Mo. 347, 348 ; *Wright* v. *Dunning*, 46 Ill. 272. The deed was a bar to a claim of homestead. — *Cashion* v. *Faina*, 47 Mo. 134 ; *Casebolt* v. *Donaldson*, 67 Mo. 308.

Thompson, J., delivered the opinion of the court.

This is an action of ejectment brought by a widow and the curator of her two minor children, to recover the widow's and children's homestead. The defence is that the defendant Timmermeister, who holds the adversary title, purchased the premises, together with other premises, at a sale for partition, in a proceeding in which the plaintiff, Mrs. Rolf, and her two minor children, joined with her in this action, by their curator, were parties, the children being represented by their duly appointed guardian *ad litem*. An agreed statement of facts confesses this defence, and shows that the proceeding in question was a partition of the real estate of Casper Henry Rolf, between his widow and children; that Mrs. Rolf was one of the plaintiffs in that suit ; that her minor children were made defendants, were duly served with process, and were represented by a guardian *ad litem*, appointed by the court, who filed an answer for them, submitting their rights to the court ; that neither the widow nor the minor children set up a right of homestead as to any portion of the premises, although they were living

at the time upon the second floor of one of the tenements embraced in the premises, which had, prior to the death of Casper Henry Rolf, and since that time to the time of the sale for partition, been occupied as a family homestead ; that at the sale for partition, the defendant, Timmermeister, became the purchaser, received the commissioner's deed, paid the purchase price in money and in notes, which money and notes were divided between the parties to the partition proceeding, according to their respective shares, the widow receiving the sum of $1,420.55 as and for the value of her dower interest, fixed in accordance with the report of a commissioner appointed by the court for this purpose, and that the plaintiff Stock also received as curator for the two minor children, in money and notes, the sum of $2,278.58, one-half being for each of them ; and that Timmermeister knew at the time he purchased the estate at the partition sale, that Mrs. Rolf and the children were occupying the premises, that is, the second floor of the tenement for the recovery of which, and the lot upon which it stands, this action of ejectment is now brought.

Upon these facts, which we do not think it necessary to set out more fully, the circuit court, sitting as a jury, rendered judgment for the defendants. We are clear that this judgment was right. It appears from the foregoing statement, that the entire estate of Casper Henry Rolf, including the widow's dower, and the widow's and children's homestead, was sold for partition, and that the widow and children have received the proceeds of the sale, — unless we are to take it that, because the widow, who was one of the moving parties in the partition suit, and the minor children, who were represented by a duly appointed guardian *ad litem*, did not elect to set up the right of homestead of the widow and minor children in the premises, they are to be deemed as having been sold subject to this estate of homestead. For what reason should we so hold? It is

argued that we should so hold for the reason that the statute relating to partition confers no jurisdiction on the circuit court to decree a partition, or a sale for partition, of the widow's and children's homestead. This can not be the law, when considered merely as a question of jurisdiction. If it were the law, there could not in any case be a partition, even by consent, of premises including a minor's homestead, because the consent of a minor to a partition *in pais* would not be binding upon him, nor would it in a proceeding for partition in court, since consent can not confer jurisdiction. If this position is true, it must follow, that under no circumstances can there be partition of an estate which includes a minor's homestead; and the adult children would be kept out of their share of their deceased father's estate until the youngest child should come of age. Our decision in *Rhorer* v. *Brockhage* (13 Mo. App. 397), does not go to the length for which the plaintiff's counsel now contends. That was an appeal from a decree awarding partition of a homestead of a minor child between himself and the grantee of his mother, in which the partition was resisted by his guardian *ad litem*. That was, accordingly, a direct proceeding to set aside such a decree for error. Nothing in that decision goes to the length of holding that the circuit court is without jurisdiction to decree a partition of premises which embrace the homestead of a minor, in the sense that its judgment ordering a sale of such homestead for partition could be treated as void in a collateral proceeding. The circuit court has entire jurisdiction of the partition of estates. It is a superior court of record. When it renders a judgment in such a proceeding, its judgment pronounces the law of the particular case, and concludes all the parties before it, equally with any other judgment which it may render in a proceeding where it has jurisdiction of the subject-matter and of the parties. *Ex parte Watkins*, 3 Pet. 193; *The People* v. *Sturtevant*, 9 N. Y. 263; *Grignon's Lessee* v. *Astor*, 2 How. (U. S.) 319. If it has rendered a judg-

ment in disregard of the rights of any of the parties before it, this is, at most, error, to be corrected in a direct pro. ceeding. Here, not only was there no direct proceeding to correct the error of the circuit court, if there were any, touching the widow's and minor children's homestead, but no such right was set up anywhere in the proceedings, and no objection was taken at any stage of the partition proceedings, so far as appears, either by the widow or guardian *ad litem* of the minor children. They have rested on their rights, if they had any, have accepted their respective shares of the proceeds of the partition sale, and are now attempting, for the first time, to make their exceptions by an action of ejectment. This is contrary to all principle.

Now, whatever may be said concerning the rights of the children, the widow was estopped by matter of record — the judgment of a court having jurisdiction ; by deed — the deed of a commissioner appointed by such court under the statute for the purpose of conveying her title and interest to Timmermeister ; and by matter *in pais* — receiving and retaining her share of the purchase-money. To allow her now to set up a claim of homestead as against Timmermeister, would be to convert the homestead right from a benefit into a means of fraud. So far as her rights are concerned, the case is substantially like the case of *Wright* v. *Dunning* (46 Ill. 271). That was a proceeding by heirs for partition, in which the widow was not a party plaintiff, as here, but was made a party defendant. The petition alleged that she was entitled to dower, and the court adjudged it to her. Commissioners were appointed to assign her dower ; they reported that it could not be done, and the court, therefore, decreed her a yearly allowance in lieu of dower, and made it a lien upon her lands. The lands were sold under the decree for partition, subject to the payment of this annuity. The widow made no claim of homestead. It was held that she could not afterwards set up the homestead right as against the purchaser at the partition sale. This decision

is quoted with approval by Henry, J., in *Gragg* v. *Gragg* (65 Mo. 343, 347), where the learned judge says: "We do not say that the widow may not, by her conduct, be estopped from asserting her homestead right. We are satisfied that she may, and *Wright* v. *Dunning* (*supra*), was a case in which the doctrine of estoppel was properly applied." In another part of the opinion, the learned judge says, referring to *Wright* v. *Dunning :* "The assertion of that right would have been a fraud upon the purchaser. She was a party to the partition suit ; had decreed to her in lieu of dower, a yearly allowance of money, which was made a charge upon the land. She urged its sale, instead of a partition in kind ; and, to have allowed her against an innocent purchaser a homestead in the premises, under such circumstances, would have been inequitable." This language, it is true, was not necessary to the decision of the court, and is not, in a strict sense, binding upon us as authority. It is, however, very persuasive authority, especially, as it entirely commends itself to our reason.

Then, if the widow can not recover in this action, upon what principle can we reverse the judgment of the circuit court in view of the supposed rights of the minor children? If a party was joined as plaintiff who had no right to recover, and the cause proceeded to judgment, with such party as plaintiff, the court was bound to enter judgment for the defendant, although parties may have been joined as plaintiffs who, but for the misjoinder, would have had a right to recover.

But the judgment is as conclusive upon the minor children as upon the widow. The provisions of the statute relating to partition which provide for the bringing in of minor heirs, and for the appointing of guardians *ad litem* to represent them and to protect their interests, would be nugatory and absurd if the decree did not bind them equally with the adult parties. The law must then be, that such a decree does bind them, even if there were no statute so providing in terms.

But there is such a statute. Section 3347 of the Revised Statutes is as follows : " It shall be lawful for said court, for any of the purposes intended by this article, and before or after any proceeding by virtue thereof, to appoint a guardian for any minor, whether such minor reside in or out of the state ; and such guardian, for all the purposes of this article, shall have the same power as any general guardian." A guardian *ad litem* is a guardian appointed for some " of the purposes intended by this article," and is embraced within the meaning of this section ; though, unquestionably, the court may appoint a guardian of larger powers, as is shown by the section which follows, empowering the court to exact a bond of him in case he is to receive moneys for the infant. The powers of a general guardian, which a guardian so appointed in a partition proceeding is declared to have, are thus defined in section 3346 : " The guardians and the curators of the estates of minors and persons of unsound mind, appointed according to law, are hereby authorized, in behalf of their respective wards, to do and perform any matter or thing, respecting the division of any lands, tenements, or hereditaments, as herein directed, which shall be binding on such ward, and deemed as valid to every purpose as if the same had been done by such ward after his disabilities are removed." Under this statute we held in *Le Bourgeoise* v. *McNamara* (10 Mo. App. 116), that a guardian *ad litem*, in a proceeding for partition may, if convinced that no defence can be made, stipulate for his wards that judgment for partition may be entered in accordance with the plaintiff's petition ; though it was conceded that a guardian has no such power in an ordinary suit. There is no doubt, then, that the decree in the partition proceeding was equally binding upon the infants and the widow.

The judgment in this case is accordingly affirmed. All the judges concur.