> | 82 | 189 |
> |----|-----|
> | 114 | 637 |

LeBourgeoise *et al.* v. McNamara *et al.*, *Plaintiffs in Error.*

1. **Partition:** GUARDIAN AD LITEM, POWERS OF. A guardian *ad litem* of an infant in a partition suit, has authority to bind his ward by a stipulation in the nature of a waiver of proof.

2. ——: ——: ——. ' Under the statute, (2 Wag. Stat., p. 973, §§ 48, 49,) a guardian *ad litem* of an infant in a partition proceeding, seems to be clothed with the full powers of his ward after removal of disabilities.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*G. M. Stewart* for plaintiffs in error.

The infant defendants were improperly made parties to the partition proceedings, and there should have been no decree affecting their rights to the land. *Stevens v. Endres*, 13 N. J. L. 271; *Culver v. Culver*, 2 Root 278; *Zeigler v. Grum*, 6 Watts 106; *Brown v. Brown*, 8 N. H. 93. It was error to enter a decree upon the stipulation filed. A guardian *ad litem* has no power to waive proof, nor any right without it to consent to judgment or to the confirmation of the commissioner's report. *Revely v. Skinner*, 33 Mo. 101; *McClure v. Farthing*, 51 Mo. 109; *Howell v. Mills*, 53

N. Y. 322; *Kinckerbacker v. De Forrest*, 2 Paige 304; *Walton v. Coulson*, 1 McLean 120; *McClay v. Norris*, 9 Ill. 370; *Waterman v. Lawrence*, 19 Cal. 210; *Cartwright v. Wise*, 14 Ill. 417; *Jones v. Jones*, 56 Ala. 612. The writ of error *coram nobis* should have been granted. *Calloway v. Nefong*, 1 Mo. 223; *Ex parte Toney*, 11 Mo. 662; *Powell v. Gott*, 13 Mo. 458; *Latshaw v. McNees*, 50 Mo. 381; *Ex parte Gray*, 77 Mo. 160; *Higbie v. Comstock*, 1 Den. 652.

*D. T. Jewett* for defendants in error.

The guardian *ad litem* had under the statute the power exercised by him in the partition proceeding. 2 Wag. Stat., p. 973, §§ 48, 49.

MARTIN, C.—This was an action for the partition of certain lands in St. Louis and was begun in 1874. The only question necessary to be considered relates to the power of guardians *ad litem* in partition cases. The defendants, Walter, Victor, Belle, Arthur and Lulu Mc-Namara were minors and the court appointed A. J. Quigley as guardian *ad litem* to represent them in the suit. The appointment was accepted and a general answer filed putting in issue the material allegations of the petition. Afterwards the following stipulation signed by counsel in the case was filed:

"It is agreed that judgment of partition, as prayed for, is to be entered against defendants, except Sally Dodier, whose name is to be stricken from the petition—default as to J. Q. A. Fritchey—commissioners to be appointed, to report in any report or partition they may make, the said defendant, Leonora E. McNamara, is to have the benefit of all buildings put up on the premises by her, but not those by her tenants.

D. T. JEWETT,
Attorney for Plaintiffs.
A. J. QUIGLEY,
Attorney for Defendant."

In May, 1875, the court rendered its decree in partition which reads as follows:

"Now, at this day come the plaintiffs and defendants by their respective attorneys, but the defendant, John Q. A. Fritchey, though duly summoned and called, comes not, but makes default. Wherefore, it is ordered that the petition herein be taken against him as confessed, and thereupon the cause is submitted to the court upon the evidence and proofs, and also a stipulation filed this day by said parties, and the court being fully advised thereof, doth order that the name of Sally Dodier, defendant, be stricken from the petition by consent of the attorneys for plaintiffs and defendants, and doth find, adjudge and decree, that the plaintiffs and defendants are the owners in fee and tenants in common, and in possession of the following real estate, to-wit:" (Here the property is described.) It then says that plaintiffs are entitled to have partition made, and the said several parts set off to them in severalty as prayed for, etc.

Although this decree recites that the cause was submitted upon the "evidence and proofs," it, also, recites that it was submitted upon "a stipulation filed this day by said parties." As this stipulation dispensed with proofs, so far as the minors were concerned, it is impossible to resist the inference that the decree, as to them, must have been principally rendered in pursuance of the stipulation which was intended to take the place of proofs.

On the 1st of December, 1879, Isabella McNamara, one of the infant defendants, having attained her majority, filed a petition in the cause in which she set out the proceedings already had in the case and the title of the minor defendants, and asked for a writ of error *coram nobis*. Upon denial of the application she sued out a writ of error to the St. Louis court of appeals. The decree in that court was affirmed, and she prosecutes her present writ of error. *LeBourgeoise v. McNamara*, 10 Mo. App. 116. The power of a guardian *ad litem* to admit material facts in the con-

duct of a trial, or to control the case entrusted to his charge with as full authority as the minor could, if he were of age, has been denied by our Supreme Court. *Revely v. Skinner,* 33 Mo. 98; *McClure v. Farthing,* 51 Mo. 109. These decisions cannot govern proceedings in partition, the legislature having assumed to direct a different rule in such cases. A guardian *ad litem* in a partition proceeding seems to be clothed with the full powers of his ward after removal of disabilities. Sections 48 and 49 of the statute on partition reads as follows:

Sec. 48. The guardians of minors and persons of unsound mind, appointed according to law, are hereby authorized in behalf of their respective wards, to do and perform any matter or thing respecting the division of lands, tenements, or hereditaments, as herein directed, which shall be binding on such ward, and deemed as valid to every purpose as if the same had been done by such ward after his disabilities are removed.

Sec. 49. It shall be lawful for said court, for any of the purposes intended by this chapter, and before or after any proceeding by virtue thereof, to appoint a guardian for any minor, whether such minor reside in or out of this State; and such guardian, for all the purposes of this chapter, shall have the same power as any general guardian. 2 Wag. Stat., p. 973.

The 48th section seems to clothe general guardians with as full power to bind their wards in matters relating to the partition of lands, as the wards themselves would possess if their liabilities were removed. The 49th section clothes the guardian *ad litem* in partition suits with as full authority as is possessed by general guardians. I may add here that the power of a general guardian to waive proof, make admissions and conduct the defense of a minor, like any other litigant has been recognized by this court in the recent case of *Collins v. Trotter,* 81 Mo. 275.

It follows from this that the guardian *ad litem* in this suit of partition had full authority to bind his wards by

stipulation in the nature of a waiver of proof. His conduct in doing so may be open to inquiry in a proper proceeding calling him to account for abuse of authority or breach of duty. I will say that there is no evidence of bad faith on his part as appearing in the record before us. The application for a writ of *coram nobis* was properly denied. The facts stated in the application would not justify such a proceeding. *Powell v. Gott*, 13 Mo. 458; *Latshaw v. Mc-Nees*, 50 Mo. 381.

Judgment is affirmed. All concur.