STEPPACHER, ARNOLD & COMPANY, Appellants, **v.** McCLURE & HARPER, Respondents

Kansas City Court of Appeals, May 2, 1898.

1. **Attachment:** SURETY: TRUST COMPANY: STATUTES.  Under the statutes creating trust companies and the amendments thereto such companies are proper sureties on attachment bonds.

2. ———: ———: ———: CONSTRUCTION: SERVICE.  The rule forbidding the construction of a statute resulting in great public inconvenience has no application in holding that the statute creating trust companies authorizes their becoming surety on attachment bonds, since the statute provides against such inconvenience by its provisions relating to service on such companies.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

HEWITT & BLAIR for appellants.

(1)   It seems to us that, considering the original purposes of this statute, the declared intention of the legislature in the amendment and additions made in 1891, and, more than all, the plain and unequivocal language of the statute itself, the trial court, in the restrictions it placed thereupon, erred; and such a

construction, if sustained in˙ this tribunal, simply renders nugatory one of the most direct and explicit provisions thereof. R. S. 1889, secs. 2839, 2848a, 2848b. (2) We think the two sections—527, Revised Statutes 1889, and 2848a, Act 1891—are in harmony. "Laws must be construed so as to harmonize, if possible; but where two interfere, that should be followed which is recommended by the most beneficial reasons. And occasionally the letter of a statute must be narrowed to conform to its evident intent. Kane v. R'y, 112 Mo. 34.

HARWOOD & HUBBELL'for respondent.

(1) "The number and qualifications of the sureties to an attachment bond are in most cases definitely fixed by the statute granting the remedy; and where so fixed, any substantial deviation from the statute will ordinarily be fatal to the suit." 3 Ency. of Plead. and Prac., 36; Caldwell v. Lamkin (Texas case, 1895), 33 S. W. Rep. 316. (2) Attachment is a remedy in derogation of the common law; it is an extraordinary remedy. The "Attachment" statute not only creates the remedy, but it also prescribes the mode of its exercise. We think that this particular statute is not repealed by the general one. U. S. v. Gear, 11 L. C. P. Co., loc. cit. 528; State v. Daly, 49 Mo. App. loc. cit. 187; Payne v. Masek, 114 Mo. loc. cit. 637; State ex rel. v. Slover, 134 Mo. loc. cit. 19; 3 Ency. of Plead. and Prac. 3.

ELLISON, J.—This action was begun by attachment. The attachment was abated by the circuit court for the reason there was no proper surety on the attachment bond and plaintiff, refusing to file any additional bond, has brought the case here. The surety on the attachment

STATEMENT.

bond was, what is known and designated in the statute as a trust company and the sole question involved in the appeal is the authority of such company (it having complied with the laws in relation to doing business in this state) to execute bonds as surety in attachment suits.

Plaintiffs' position is that the statute, sections 2839 and 2848a, Laws 1891, p. 103, specifically authorizes such companies to execute attachment bonds as surety. Defendants' contention is that while that statute authorizes, in general terms, trust companies to execute bonds as surety for others in legal or equitable proceedings, yet the general statute of attachment relating to attachment bonds, in force at the time of the enactment of the law authorizing trust companies, was not repealed or affected by that law; and that therefore, as they contend, in the attachment statute alone is found the qualifications of sureties on attachment bonds. Such attachment statute is as follows. "The bond shall be executed by the plaintiff, or some responsible person as principal, and one or more sureties, resident householders of the county in which the action is to be brought, in a sum at least double the amount sworn to in the affidavit, payable to the state of Missouri," etc. R. S. 1889, sec. 527. The statute in relation to trust companies relied upon by plaintiff is as follows: "Section 2839. Corporations may be created under this article for any one or more of the following purposes: * * * *Third*, to take, accept and hold by the order, judgment or decree of any court of this state, or of any other state, or of the United States, or by gift, grant, assignment, transfer, devise or bequest of any person or corporation, any real or personal property, in trust, and to execute and perform any and all such legal and lawful trusts in regard to the same, upon the terms, conditions, limita-

tions and restrictions which may be declared, imposed, established or agreed upon in and by such order, judgment, decree, gift, grant, assignment, devise or bequest, and to execute as principal or surety, and to guarantee against loss any principal or surety upon any bond or bonds required by law to be given in any proceeding in law or equity in any of the courts of this state or other state, or of the United States. Laws 1891, p. 100. At the same session of the legislature, and in the same act, two new sections—2848a and 2848b—were added. In the former it was provided: "Any company now doing business in this state, or which may hereafter be organized under the provisions of this article  *  *  *  shall be permitted to qualify as guardian, curator, executor, administrator, assignee, receiver, trustee, by appointment of any court, or under will, or depositary of money in court, without giving bond as such, and become sole guarantor or surety in or upon any bond required to be given under the laws of this state, any other statute to the contrary notwithstanding."

Defendants contend that the attachment statute is a particular statute relating to a special subject and that no general provision of another law can affect it.

ATTACHMENT: surety: trust company: statutes.

They rely upon that rule of construction "which requires that a special provision applicable to a particular subject shall prevail over a general provision that may be inconsistent therewith." Payne v. Masek, 114 Mo. 637. It is clear from the brief and argument of counsel for defendant that they regard the statute relating to trust companies as inconsistent with the attachment statute, and that if the former statute is allowed to affect attachment bonds, it will be giving it an effect to repeal the attachment statute. We do not think so. The attachment statute remains in force notwithstand-

ing trusts companies are adjudged to be proper sureties on attachment bonds. The effect of the statute relating to trust companies is not to repeal the attachment statute relating to bonds, but simply to enlarge it. The two statutes may both remain in force. A surety on an attachment bond, other than a trust company, must still be "a resident householder of the county in which the action is brought." The statute in relation to trust companies merely authorizes another and different surety.

All rules for the construction of statutes are intended to be aids in ascertaining the legislative will. So that if the legislative intent is clear from the context of the statute there is no necessity for rules to aid construction—there is no room for construction. With this in view, it is well to first look at the statute itself in order to ascertain if its meaning is plain.

It appears that trust companies were first authorized in this state by an amendment, in 1885, to the general corporation statute. R. S. 1879, chap. 21; Law 1885, p. 103. By section 4 of this amendment or addition to the corporation law, trust companies authorized to be formed, might "execute or guarantee any bond or bonds required by law to be given in any proceeding in law or equity in any of the courts of this state, or other state, or of the United States." It will be noticed that while such company might "guarantee" any bond, nothing was said in terms about executing a bond as *surety*. They might also "guarantee the fidelity and diligent performance of their duty of persons holding places of public or private trust." This statute was amended in 1887 and 1889, but not in the particulars applicable to the point in question. In 1891 the legislature declared in section 4, Laws 1891, p. 103, that "doubts" had arisen "as to the true construction" of the law, "to remove which is one of the

objects" of passing the statute then enacted. It was there provided, as we have before set out, that such companies could execute, as *surety*, any bond required to be given in any proceeding in law or equity in any of the courts of the state, any other statute to the contrary notwithstanding. The nature and scope of these amendments, it seems to us, evidences, in the clearest terms, the meaning of the legislature and we have no other duty than to allow it effective force.

If it should be suggested that one object of the attachment law in providing the sureties should be resident householders of the county was for convenience of action against them, it can be said to be true that great public inconvenience is sometimes a potent factor in the determination of the proper construction to be given to a statute, since it will be assumed, where the language of the enactment permit, that the legislature did not intend such effect to follow. Endlich, Inter. Statutes, secs. 251, 252, 266. But in this case such argument finds no application, since no inconvenience results from the construction we have given the statute. By the terms of section 2848a, trust companies must comply "with the laws of this state relating to insurance other than life." Among the provisions of such insurance laws is found one requiring them to keep a duly appointed agent in this state upon whom service may be had. R. S. 1889, sec. 5912. And by the statute relating to corporations generally, section 2529, suits may be brought in the county where the cause of action accrued.

It follows that the trial court erred in holding the trust company not a sufficient surety and the judgment will be reversed and cause remanded.