him guilty, further said: "This rule of law is not meant to prevent you from being convinced of the guilt of the defendant at any time during the trial when the evidence, if any, is sufficient to so convince you of his guilt, and if you are convinced by the evidence at any time during the trial of the guilt of the defendant in manner and form as charged in the indictment, beyond a reasonable doubt, and there is no other subsequent evidence which raises in your mind a reasonable doubt of the guilt of the defendant, and you remain so convinced until all of the evidence is in, then you should find the defendant guilty," *held* erroneous and injurious to the defendant.

3. CRIMINAL LAW, § 305*—*when instruction as to contradiction of defendant's testimony by other witnesses erroneous.* An instruction that the jury may take into consideration the fact, if such is a fact, that defendant has been contradicted by other witnesses, *held* erroneous as not being made to apply to other witnesses who were contradicted.

4. CRIMINAL LAW, § 309*—*when instruction on reasonable doubt improper.* An instruction given for the People, relating to the subject of reasonable doubt, was a stock instruction often approved, except that there was inserted therein the following: "To acquit under the influence of doubts unreasonably created from whatever cause is a virtual violation of the juror's oath, and an offense of great magnitude against the interests of society," *held* improper as being an effort to frighten or drive the jury to a conviction.

## The People of the State of Illinois, Appellant, v. John L. Witzman et al., Appellees.

## Gen. Nos. 5,856, 5,857.    (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the October term, 1913. Appeals dismissed. Opinion filed November 13, 1913.

### Statement of the Case.

The two cases above entitled were actions of debt on the official bonds of John L. Witzman as Circuit Clerk of La Salle county covering two terms in said

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

office. In each case all breaches assigned in the declaration were dismissed except the second breach, which related to naturalization fees. In each case the defendants demurred to the second breach and the demurrer was sustained. The plaintiff elected to abide by said demurrer and judgment was entered against him for costs. From the judgment, plaintiff appeals.

W. E. REDMON and W. I. HIBBS, for appellant.

DUNCAN, DOYLE & O'CONOR, for appellees.

PER CURIAM.

### Abstract of the Decision.

1.  APPEAL AND ERROR, § 284*—*what essential to a final judgment.* In order for judgments to be final, the order should adjudge "that the plaintiff take nothing by his suit, and that the defendants go hence without day."

2.  APPEAL AND ERROR, § 267*—*right of Appellate Court to decide on merits when judgment appealed from is not final.* On appeal from a judgment which is not final, the Appellate Court cannot ignore the defect and decide the merits for, if it should affirm the action of the trial court, the judgment of the Appellate Court would be treated as void by the Supreme Court.

---

The People of the State of Illinois ex rel. Charles Agnew, Plaintiff in Error, v. Edward Graham et al., Defendants in Error.

Gen. No. 5,887.   (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1913. Appeal dismissed. Opinion filed November 13, 1913.

### Statement of the Case.

Information in the nature of a quo warranto filed by the People of the State of Illinois on the relation

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.