Edward L. Madden, Administrator of the Estate of Robert J. Madden, Deceased, Appellee, v. City of Chicago and Byrne Brothers Dredging & Engineering Company, Appellants.

Gen. No. 22,357.

1. JUDGMENT, § 272*—*what is nature of motion for correction of error in fact.* A motion made under Hurd's Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), for the correction of an error of fact, is in the nature of a new suit, having for its object the determination of an error of fact *aliunde* the record.

2. APPEAL AND ERROR, § 270*—*when order is interlocutory precluding appeal.* An order allowing a motion to reinstate a case on the trial calendar is interlocutory merely, and no appeal will lie therefrom.

3. APPEAL AND ERROR—*what is a final order.* An order denying a motion to reinstate a case on the trial calendar is final.

4. APPEAL AND ERROR, § 952*—*when bill of exceptions will not be stricken.* A bill of exceptions consisting of a transcript of record of proceedings had on a preliminary hearing on a motion to reinstate the cause, which was granted, will not be stricken on the ground that no appeal was taken from the order allowing the motion.

5. JUDGMENT, § 272*—*what is function of writ of error coram nobis.* The purpose and function of a writ of error *coram nobis* is to provide a remedy by means of which the trial court, after the judgment term, may review and correct errors of fact that do not appear on the face of the record and could not be otherwise corrected.

6. JUDGMENT, § 273*—*what is an error in fact.* Error of the minute clerk, on the preliminary call of the calendar, in improperly noting a case in which plaintiff answered "ready" as stricken from the calendar, is an error of fact and not of law and comes within the provision of Hurd's Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), as it does not appear on the face of the record.

7. APPEAL AND ERROR—*when error of clerk in noting case on preliminary call of calendar as stricken is not cured.* Error of the minute clerk in improperly noting a case, on the preliminary call of the calendar, as stricken from the calendar, when, in fact, plaintiff had answered "ready," is not cured by a subsequent gen-

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

eral order reinstating all causes stricken from the docket, where plaintiff had no knowledge of the clerk's error.

8. TRIAL, § 21*—*when reinstatement of case stricken from calendar is proper.* Where the minute clerk erroneously notes a case as stricken from the calendar, on the preliminary call of the calendar, though plaintiff answered "ready," a motion to reinstate the case is properly allowed.

9. APPEAL AND ERROR, § 833*—*when bill of exceptions stricken because of insufficiency of nunc pro tunc order for settling and signing by another judge.* Where a *nunc pro tunc* order settling and signing a bill of exceptions which had been presented to another judge than the trial judge is entered after the expiration of the time of filing by such judge, and does not recite statutory facts warranting the presentation of the bill to him nor the grounds for the entry of the *nunc pro tunc* order by him, and there is no showing in the record on which to base the order and the appellee excepted to the *nunc pro tunc* order, though waiving objection to the signature to the bill by such judge instead of the trial judge, the bill will be stricken from the record.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 29, 1917. Rehearing denied June 8, 1917.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for appellants, City of Chicago; HENRY T. CHACE, JR., of counsel.

HENRY J. & CHARLES AARON, for appellant Byrne Bros. Dredging & Engineering Company; DOUGLAS C. GREGG, of counsel.

QUIN O'BRIEN and WILLIAM B. O'BRIEN, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

Appellee (plaintiff below) recovered a judgment for $10,000 against the defendants jointly, for wrongfully causing the death of plaintiff's intestate, to reverse which this appeal is prosecuted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The record filed herein contains two bills of exceptions, one being a transcript of record of the proceedings had on a preliminary hearing on a motion to reinstate the cause, and the other a transcript of subsequent proceedings had at the trial; the former being signed by the trial judge, and the latter by a judge who did not hear the case.

Appellee has entered a motion herein to strike both bills of exceptions from the record and to affirm the judgment, consideration of which was reserved to the hearing.

On July 18, 1914, the said cause was by order of court stricken from the docket. Subsequently, on June 17, 1915, the court entered a general order reinstating all causes stricken from the docket, which included the one at bar. On the following day said cause was placed on the trial call and an order was entered dismissing it for want of prosecution. Appellee, on September 24, 1915, made a motion, supported by affidavit, to vacate the foregoing orders, which were entered, the affidavit recited, because of a mistake or misprision of the minute clerk of the court, who erroneously noted the said case stricken from the docket on July 18, 1914, whereas it should have been marked for trial. Upon a hearing the court entered an order vacating the orders hereinabove referred to and reinstated the cause on the trial calendar.

It is contended by appellee that the first bill of exceptions showing the foregoing proceedings should be stricken from the record for the reason that the filing of said motion was tantamount to the beginning of a new suit in the nature of a writ of error *coram nobis,* and that the said order of reinstatement entered therein was a final order; that no appeal having been taken therefrom, the propriety of the entry of said order cannot be questioned on this appeal.

By section 89, ch. 110, Rev. St. (J. & A. ¶ 8626), the

writ of error *coram nobis* is abolished and all errors of
fact committed in the proceedings of any court of rec-
. ord and which by common law could have been cor-
rected by said writ may be corrected by the court in
which the error was committed, upon motion in writ-
ing made at any time within five years after the rendi-
tion of the judgment in the case upon reasonable
notice. This motion is in the nature of a new suit, hav-
ing for its object the determination of an error of fact
*aliunde* the record; but the order allowing appellee's
motion to reinstate the case on the trial calendar was
merely interlocutory, and hence appellants were
obliged to wait for a final order from which an appeal
or writ of error would lie. Had the motion been de-
nied, however, such an order would of course have been
final. (*City of Park Ridge v. Murphy,* 258 Ill. 365;
*Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill.
516.) Appellee's motion to strike the first bill of ex-
ceptions will therefore be denied.

On the other hand, it is contended by appellants that
the court erred in reinstating said cause, for the fol-
lowing reasons, viz.: first, that the court had lost ju-
risdiction of the case; second, that the error sought to
be corrected by appellee's said motion, if any, was
one of law and not one of fact; and third, that any
error committed by the court in striking said cause
from the docket on July 18, 1914, was cured by the gen-
eral order of June 17, 1915, by which the case was re-
instated on the trial calendar.

The purpose and function of the writ of error *coram
nobis* is to provide a remedy by means of which the
trial court, after the judgment term, may review and
correct errors of fact that do not appear on the face
of the record and which could not therefore be other-
wise corrected. Thus, if proceedings have been had
and a judgment rendered against an infant as an adult,
or against a dead person as though living, or if error
has occurred through the process or through the de-

fault of the clerk, the remedy is by writ of error *coram nobis*. (*LeBourgeoise v. McNamara,* 10 Mo. App. 120; *Teller v. Wetherell,* 6 Mich. 45); and under section 89, *supra,* by written motion to the trial court.

Appellee's motion of September 24, 1915, recited that when the cause was reached on a preliminary call of the calendar on July 18, 1914, counsel for appellee was present in court and responded that he was ready for trial, but that the minute clerk erroneously noted the case as having been stricken from the docket. Such mistake or misprision on the part of the clerk, in our opinion, constituted an error of fact and not of law; and inasmuch as it does not appear on the face of the record, it comes within the provisions of section 89, *supra. Teller v. Wetherell, supra.*

Nor was this error cured by the general order of June 17, 1915, reinstating the said cause, for it is clear that had not the said error of fact been committed, the subsequent general order of reinstatement would not have included this case, and counsel for appellee being unaware of the foregoing error, was not chargeable with notice that the general order of reinstatement affected his case. We are of the opinion that, upon the showing made, the cause was properly reinstated by the trial court.

This brings us to a consideration of appellee's motion to strike the second bill of exceptions from the record.

The judgment in question was entered December 18, 1915, by Judge Gibbons, before whom the case was tried. An appeal was prayed and the defendants were allowed ninety days within which to file a bill of exceptions. The time for filing same expired March 17, 1916. The certificate attached to the bill of exceptions recites that it was presented to Judge Mangan on February 25, 1916, and bears his signature. On April 6, 1916, it was again submitted to Judge Mangan, who settled and signed same *nunc pro tunc,* as of February

25, 1916, to which counsel for appellee gave a qualified assent as follows: ''Counsel for plaintiff, in open court, assents to the correctness of the bill of exceptions and waives any objection to the signature of Judge Mangan instead of the trial judge.   Plaintiff excepts to the *nunc pro tunc* order.''

Notwithstanding the foregoing assent on the part of appellee, he urges that there was no basis for the *nunc pro tunc* order to which he saved an exception, and cites the case of *People v. Rosenwald,* 266 Ill. 548, in support thereof.   In that case, as in the case at bar, the *nunc pro tunc* order did not recite statutory facts such as the sickness, disability or death of the trial judge, which would warrant the presentation of the bill of exceptions to another than the trial judge.   The order now before us does not show affirmatively why Judge Mangan made the entry of presentation of the bill of exceptions to him or why he entered the *nunc pro tunc* order.   As there was no showing in the transcript of the record on which to base said order, and as appellee did not assent thereto but excepted to its entry, the *nunc pro tunc* order was, under the authority of the *Rosenwald* case, *supra,* erroneous, and hence the bill of exceptions will be stricken from the record.

Finding no error in the first bill of exceptions or in the common-law record which justified a reversal, the judgment will be affirmed.

*Affirmed.*