# J. Eavenson & Sons, Appellant, v. William Adelson et al., Appellees.

## Gen. No. 28,767.

APPEAL AND ERROR—*appealability of order setting aside default.* An order vacating and setting aside a judgment by default for the purpose of allowing the defendant to interpose a defense is not a final and appealable order and an appeal therefrom will be dismissed by Appellate Court of its own motion.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Appeal dismissed. Opinion filed March 10, 1924.

BROWN, ROE & BYE, for appellant.

GOODRICH, VINCENT & BRADLEY, for appellees; JOSEPH M. GRIFFEN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

March 6, 1923, a judgment by default was entered against defendants in the municipal court. Upon motion made within thirty days, supported by affidavits, the court vacated and set aside said judgment. By this attempted appeal plaintiff seeks to have this order reversed.

It is the well-settled rule that such an order is not final and is not appealable. Where a defendant makes a motion to set aside a default and vacate a judgment in order to allow a defense, and such motion is denied, the denial of the motion is a final judgment which may be reviewed; but when such motion is allowed for the purpose of allowing the defendant to interpose a defense, such order is interlocutory and an appeal would not lie therefrom. *Walker v. Oliver,* 63 Ill. 199; *City*

*of Park Ridge v. Murphy*, 258 Ill. 365; *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516; *Bailey v. Conrad*, 271 Ill. 294; *Madden v. City of Chicago*, 205 Ill. App. 612; *Andrews & Co. v. Anchor Folding Box Mfg. Co.*, 210 Ill. App. 636.

It was said in *Walker v. Oliver, supra:* "When the cause is again tried, and a final judgment entered, an appeal or writ of error will lie, on which it can be assigned as error setting aside this judgment."

If the Appellate Court has no jurisdiction of the appeal it should dismiss it of its own motion, *Chicago Portrait Co. v. Chicago Crayon Co.*, 217 Ill. 200, and if the Appellate Court should ignore the defect and decide the merits, if it should affirm the action of the trial court, the judgment of the Appellate Court would be treated as void by the Supreme Court. *People v. Witzman*, 186 Ill. App. 216.

For the reasons above stated this appeal is dismissed.

*Appeal dismissed.*

MATCHETT, P. J., and JOHNSTON, J., concur.